[No. 8841.   Department One.   August 26, 1910.]

*In the Matter of the Petition of* N. W. BOLSTER.[1]

DEPOSITIONS—ATTENDANCE OF WITNESS—PRODUCTION OF BOOKS—
STATUTES. An officer authorized to take depositions may compel a
witness to produce books and documents, under Rem. & Bal. Code,
§ 1216, providing that a witness may be compelled by a court to
appear and bring with him books and documents, and § 1235, pro-
viding that an officer authorized to take depositions may subpoena
a witness "in like manner as he may be subpoenaed and com-
pelled to attend as a witness in any court"; and §§ 1236, 1237,
providing the manner in which such a witness may be compelled to
attend, without any mention of books or documents, were intended
to make the other provisions effective, and not to restrict the power
of the officer.

WITNESSES—PRIVILEGE—RIGHT OF PRIVACY—TRADE SECRETS—COR-
PORATIONS. The books of a corporation are not privileged from being
produced in court on a subpoena *duces tecum*, on the ground that they
are trade secrets, as a trade secret means an unpatented secret
formula or process for compounding or manufacturing the article,
and does not apply to merely private books or writings of a corpora-
tion.

Appeal from an order of the superior court for King
county, Main, J., entered April 23, 1910, dismissing a pro-
ceeding to require a witness to produce documents on the
taking of a deposition by a commissioner, after a hearing
on the application. Reversed.

*Farrell, Kane & Stratton* and *Ira A. Campbell*, for appel-
lant.

*William H. Gorham*, for respondent.

FULLERTON, J.—On March 5, 1910, the superior court of
the state of California, in and for the city and county of
San Francisco, in a cause pending therein, issued a commis-
sion authorizing and empowering one N. W. Bolster, a
notary public of the state of Washington, residing at the
city of Seattle, to take the depositions of E. J. Mathews and

[1]Reported in 110 Pac. 547.

one T. A. Davies, president and vice president, respectively, of a corporation known as the John J. Sesnon Company, and to require them to produce such books and papers of the corporation as should be in their possession or under their control, that the same might be examined touching the matters at issue in the cause mentioned. On the receipt of the commission, the commissioner caused a subpoena to be issued to the witness E. J. Mathews requiring the witness to appear before him at a certain time and place to testify pursuant to the commission, and also to bring and produce before the commissioner certain books, papers, and documents belonging to the John J. Sesnon Company. The witness obeyed the subpoena, in so far as to attend in person, but refused to bring in the books and other documents described in the subpoena. The commissioner thereupon applied to the superior court of King county asking that court to require the witness to attend before him with the documents mentioned. The court, however, after a hearing, refused to grant the application and dismissed the proceedings, on the ground that the documents sought were "trade secrets of the John J. Sesnon Company, and as such . . . privileged." This appeal is from the order of dismissal.

While the trial judge seems not to have rested his decision on that ground, it is contended in this court on behalf of the witness that the superior court was without authority to make the order requested. But without following the argument in detail, we are satisfied that the statutes are ample in this respect, even if it be conceded that the court has no such inherent power. By the code (Rem. & Bal. Code, § 1216), it is provided that a witness may be compelled to appear and testify before the courts of this state by means of a subpoena issued out of the court and served upon him, and the subpoena may require not only the personal attendance of the witness to whom it is directed, but may also require the witness to bring with him any books, documents, or things under his control. By another section it is pro-

vided that any witness may be subpoenaed to appear and give his deposition before any officer authorized to take depositions at any place within twenty miles of the abode of the witness, "in like manner as he may be subpoenaed and compelled to attend as a witness in any court." Rem. & Bal. Code, § 1235. The sections authorizing the court to compel the attendance of the witness before the commissioner are the following:

"Sec. 1236. The superior court shall have power to compel the attendance of witnesses, within this state, before notaries public, justices of the peace or any other person authorized by the laws of this state to take depositions in causes pending in any court of the state, or in any court of any other state, or in any court of the United States, or in any court of a foreign country.

"Sec. 1237. The officer before whom the deposition is to be taken in case of the refusal of any witness to attend or testify shall report to the superior court in and for the county in which the witness resides, or is found, by petition, that due notice has been given of the time and place of taking the depositions and that the witness has been summoned in the same manner that witnesses are now summoned to appear and testify in the superior court of this state; and the fees and mileage of the witness has been paid, or tendered to the witness, for his attendance and testimony, and that the witness has failed and refused to attend or testify before such officer, in the cause mentioned in the notice and the subpoena; and ask an order of the court compelling the witness to attend and testify before such officer."

It is argued that these sections may authorize the court to compel a witness to appear and give his oral deposition before the officer therein named, but do not authorize the court to compel the witness to bring with him books and documents under his control, no matter how pertinent or material to the inquiry such books and documents may be. But we think this a too narrow construction of the statute. Manifestly the sections quoted were intended to make effective the previous sections of the statute; and these, as we have seen, authorize

officers empowered to take depositions to issue subpoenas requiring the production of books and other documents.

The objection that the documents sought are privileged as trade secrets of the corporation seems to us to be equally without foundation. The term trade secret, as it is usually understood, means a secret formula or process, not patented, known only to certain individuals who use it in compounding or manufacturing some article of trade having a commercial value. It is rarely, if ever, used to denote the mere privacy with which an ordinary commercial business is carried on. Yet it is in this latter sense the term seems to have been used in the finding of the trial court, as we find nothing in the record to indicate that anything more than such matters as are usually learned by the examination of the books of an ordinary business concern would be learned by an examination of the books of the corporation here in question. But a corporation, or other person keeping books, is not relieved from producing them, when they contain matters material to an issue, merely because they are private. A witness can be compelled to testify orally to private affairs connected with his business when material, and his books and documents stand on no higher plane. As was said in *Wertheim v. Continental R. & Trust Co.*, 15 Fed. 716:

"It may be inconvenient, and sometimes embarrassing, to the managers of a corporation to require its books and papers to be taken from its office and exhibited to third persons, but it is also inconvenient and often onerous to individuals to require them to do the same thing. Considerations of inconvenience must give way to the paramount right of litigants to resort to evidence which it may be in the power of witnesses to produce, and without which grave interests might be jeoparded, and the administration of justice thwarted."

See, also, *Johnson Steel Street-Rail Co. v. North Branch Steel Co.*, 48 Fed. 191; *Crocker-Wheeler Co. v. Bullock*, 134 Fed. 241.

The order appealed from is reversed, and the cause re-

manded with instructions to enter an order requiring the witness to appear before the commission and produce the required documents, if they are within his control.

RUDKIN, C. J., CHADWICK, and MORRIS, JJ., concur.