[No. 34518.   Department Two.   October 2, 1958.]

GLO-KLEN COMPANY, INC., *Appellant*, v. FAR WEST CHEM-
ICAL PRODUCTS *et al., Respondents*, FAR WEST CHEM-
ICAL PRODUCTS *et al., Cross-appellants.*[1]

[1]Reported in 330 P. (2d) 180.

*Edward J. Crowley* and *Wm. M. Gerraughty*, for appellants.

*Wellman Clark*, for respondents and cross-appellants.

WEAVER, J.—This is an appeal from a judgment that quashes an order to show cause why defendants should not be adjudged in contempt of court for the alleged violation of the provisions of a previous judgment and decree.

Prior to November 10, 1955, plaintiff corporation was engaged in the manufacture, distribution, and sale of a product named "Glo-Klen," used to remove carbon, soot, and scale from furnaces, stoves, and chimneys. On that date, the superior court entered a decree that, *inter alia*, permanently enjoined and restrained defendants Far West Chemical Products, Inc., its officers, and certain stockholders and employees from manufacturing, distributing, or selling

". . . a product known as 'K-O' or 'Genuine K-O' or any other product compounded or manufactured by using plaintiff's said secret formula [used to manufacture Glo-Klen] or any formula substantially the same . . ."

No appeal was taken from this judgment.

Thereafter, defendants manufactured, distributed, and sold a soot remover named Ridzit, the primary ingredients of which were determined after study of Bulletin No. 360 (1932) of the U. S. Department of Commerce, Bureau of Mines, entitled "Removal of Soot from Furnaces and Flues by the Use of Salts or Compounds."

The present action springs from plaintiff's claim that Ridzit contains two "active ingredients" found in plaintiff's secret formula for the manufacture of Glo-Klen.

A definition of the term "secret formula," as used by the trial court in the original judgment, presents a paramount problem. Plaintiff's formula for Glo-Klen, set forth in exhibit No. 65, lists several raw materials, none of which is used or present in defendants' product Ridzit. Plaintiff's secret formula is not a secret *chemical* formula. The for-

mula does not designate the composition of the molecules that form the chemical compounds, nor is any representation made of the molecular or atomic identification, weight, percentages, valency, volume, density, or any other identifiable characteristic germane to a *chemical* formula.

In common parlance, it is a recipe that, in the circumstances of the instant case, meets the definition of a "trade secret," as defined by this court.

"The term trade secret, as it is usually understood, means a secret formula or process, not patented, known only to certain individuals who use it in compounding or manufacturing some article of trade having a commercial value." *In re Bolster*, 59 Wash. 655, 110 Pac. 547 (1910).

Defendants' formula for Ridzit, set forth in exhibit No. 19, is of the same type—a recipe. It simply states the number of pounds of each raw material used to compound a "complete batch."

Plaintiff's sixteen assignments of error present one basic issue: Are defendants violating the previous judgment by using all or any part of the Glo-Klen secret formula? The burden of proving defendants in contempt of court for such violation is upon the plaintiff. *State v. Boren,* 44 Wn. (2d) 69, 265 P. (2d) 254 (1954).

A qualified industrial research chemist testified, *in camera*, that he had analyzed both products, and that

"There are two components that would be considered active ingredients, that are common to both—"

In his oral opinion, the trial court (not *in camera*) identified the first common component as an "ion." A comparison of the two recipes disclosed that each contained an ingredient or raw material having an alkaline ion, but the ion found in each recipe was combined with a different "basic component" or element. This resulted in the ingredients or raw materials having different names, chemical identifications, characteristics, and uses. Further, the trial court pointed out that the chemist

" . . . stated what he thought was the important factor and the important ion to be found in both compounds,

but admitted he did not know how it functioned. More than that he testified that he thought that particular ion—and counsel know what I refer to—was released in the process with respect to plaintiff's product, but he had conducted no experiments with respect to defendants' product, so he can have no idea, of course, whether or not that particular ion is released by the procedure in that case or not."

The chemist testified that the petroleum derivatives common to both products "belong to the same chemical family—and the only difference is in the actual chain length, carbon chain length . . ." They are used as a "binder" for the compounds. The trial court aptly remarked in his oral opinion that "by its very composition it [the binders] could not be an oxidizing agent [of soot]."

The Glo-Klen formula specifies its type of "binder" by a name that describes its ordinary household use. The Ridzit formula uses a petroleum derivative described as a "waste" material to which two other ingredients have been added. Of this, the trial court said:

"It has been argued that it was the combination of these various elements that did the job. That may be. However, there is no testimony, even from . . . [the chemist], that this is the fact, and that these various compounds reacted in some peculiar way in combination with other compounds in the formula—form new materials to do a particular job."

■ The similarity of the two "binders," although belonging "to the same chemical family," is not, in our opinion, sufficient to constitute an infringement upon plaintiff's recipe for Glo-Klen.

There is substantial evidence in the record to support the finding of the trial court

"That the Defendant's, Far West Chemical Products, Inc., carbon and soot remover known as Ridzit is manufactured and compounded from ingredients and substances which are not part of and are not contained in the secret formula of Plaintiff. Exhibit No. 65."

See *Croton Chemical Corp. v. Birkenwald*, 50 Wn. (2d) 684, 314 P. (2d) 622 (1957).

RCW 7.20.100 permits the court, in certain circumstances, to give judgment for costs suffered by the aggrieved party in contempt proceedings. It does not authorize the allowance of costs (other than statutory) and attorney's fees to a party who successfully defends contempt proceedings. We find no merit in defendants' cross-appeal.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

[1] Reported in 330 P. (2d) 178.