HARRINGTON MANUFACTURING COMPANY, INC. v. POWELL MANUFACTURING COMPANY, INC.

No. 756SC230

(Filed 2 July 1975)

1. Rules of Civil Procedure § 33— interrogatories — failure to answer or object in apt time

Where defendant did not answer any of plaintiff's interrogatories until 26 days after they were due and did not object to any interrogatories until 46 days after time for objection had passed, defendant is deemed to have waived its right to object to the interrogatories absent some overriding constitutional privilege such as self-incrimination.

2. Rules of Civil Procedure § 30— protective order — trade secrets — confidential commercial information

While Rule 30(b) recognizes that protective orders may be issued to prevent disclosure of trade secrets for good cause shown, "confidential commercial information" is not so treated; nevertheless, the courts should be careful in the interests of justice to prevent disclosure of confidential commercial information to avoid annoyance, embarrassment or oppression, particularly where the action is between competitors.

3. Rules of Civil Procedure § 30— protective order — customer list

A customer list was not a trade secret subject to a protective order under G.S. 1A-1, Rule 30(b).

4. Rules of Civil Procedure § 30— list of buyers — refusal of protective order

In an action in which plaintiff contends that defendant's advertisement of its tobacco harvester constituted an unfair method of competition and a deceptive act under G.S. 75-1.1(a), the trial court did not abuse its discretion in refusing to enter a protective order preventing discovery of the names and addresses of persons who had bought or ordered defendant's harvesters since the information was reasonably calculated to lead to the discovery of admissible evidence concerning the amount of damages to plaintiff resulting from the sale of tobacco harvesters by defendant to purchasers who relied on defendant's allegedly deceptive practices.

APPEAL by defendant from *Winner, Judge.* Order entered 18 February 1975, in Superior Court, BERTIE County. Heard in the Court of Appeals 15 May 1975.

The defendant advertised nationally that it offered for sale to the public the only automatic tobacco harvester that primed lugs through tips and that it owned the "exclusive Cutter Bar" for priming tips. Plaintiff alleges that the advertisement of the defendant was untrue and constituted an unfair

Manufacturing Co. v. Manufacturing Co.

method of competition and a deceptive act under G.S. 75-1.1. Plaintiff also manufactures an automatic tobacco harvester which primes lugs through tips and is in competition with defendant and other manufacturers.

On 24 October 1974, plaintiff served twenty interrogatories on the defendant, one of which sought the names, and addresses of all persons, firms and corporations to whom defendant had sold or from whom defendant had received an order for its tobacco combines since June 1, 1974 to date. On 6 December 1974, plaintiff filed a motion to compel defendant to answer the interrogatories. On 19 December 1974, defendant answered objecting, *inter alia,* to the above interrogatory. On the same date, plaintiff made application for an order to compel defendant to answer the objected to interrogatories. On 23 December, defendant filed a motion for a protective order pursuant to G.S. 1A-1, Rule 33, Rule 30(h), and Rule 31(d) contending that the subject matter sought in the above interrogatory was confidential. After hearing, an order was entered which sustained defendant's objections to some of the interrogatories but denied its motion for the protective order. From this order compelling discovery, defendant appealed.

*Pritchett, Cooke & Burch, by Stephen R. Burch, for the plaintiff.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and William P. Farthing, Jr., for the defendant.*

CLARK, Judge.

[1]　G.S. 1A-1, Rule 33, provides in pertinent part that answers to interrogatories shall be served within 30 days after service of the interrogatories unless upon motion and notice and for good cause shown the court enlarges the time. Objections to particular interrogatories must be served within 10 days, together with notice of hearing. In the present case, defendant did not answer any of the interrogatories until 26 days after they were due and did not object to any until 46 days after time for objection had passed. Under these circumstances alone, the defendant would be deemed to have waived its right to object to the interrogatories absent some overriding constitutional privilege such as self-incrimination. See *Hammer v. Allison,* 20 N.C. App. 623, 202 S.E. 2d 307 (1974) and *Golding v. Taylor,* 19 N.C. App.

245, 198 S.E. 2d 478 (1973). Consequently, the appeal is subject to dismissal on that ground. However, due to the unique posture of this appeal relating to appellant's claim of trade secret privilege, we choose to treat the appeal on its merits.

Appellant has appealed pursuant to G.S. 1-277, admitting the interlocutory nature of the order from which it appealed but contending that a substantial right will be irrevocably affected if it is compelled to comply with the order.

An appeal lies from an interlocutory order ". . . only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant." *Privette v. Privette,* 230 N.C. 52, 53, 51 S.E. 2d 925, 926 (1949).

In order to determine if a substantial right has been affected by the discovery order, it is necessary preliminarily to consider the scope of the discovery rules relative to the recognition of privileged matters.

Initially, it is noted that there is a distinction between the federal rules and the North Carolina rules relating to the enumerated instances in which secret processes, etc., may be protected from discovery. With particular reference to the area of involvement in this case, Federal Rule 26(c) provides that protective orders may be entered in order that ". . . a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." G.S. 1A-1, Rule 30(b) provides for the entry of protective orders so that ". . . secret processes, developments, or research need not be disclosed. . . ." Apparently, the drafters of the North Carolina rule did not see the need for expressly protecting confidential commercial information, but relegated that sort of information to either (1) the catch-all provision providing for protection in the interest of justice where the request is unreasonably annoying, embarrassing, expensive or oppressive, G.S. 1A-1, Rule 30(b), or (2) the general "privilege" protection provision of G.S. 1A-1, Rule 26(b). It is within this procedural context that the defendant was ordered to divulge certain customers' names and has appealed.

The appellant contends that a customer list is privileged as a trade secret which is recognized as such in 8 Wigmore, Evidence, § 2212(3) (McNaughton rev. 1961), wherein it is stated that such information ". . . for lack of a better term,

[had] come to be known as trade secrets." See also *Gorham Mfg. v. Emery-Bird-Thayer Dry Goods Co.*, 92 F. 774 (C.C. Mo. 1899). However, it is not believed that this passing comment in *Wigmore* is in accordance with the traditional notion of a trade secret. For instance, a *trade secret* has been defined as "a secret formula or process, not patented, known only to certain individuals who use it in compounding or manufacturing some article of trade having a commercial value." Annot., 17 A.L.R. 2d 383, 385 (1951), citing *Re Bolster*, 59 Wash. 655, 110 P. 547 (1910). For a similar definition see Black's Law Dictionary (4th Ed. 1951).

[2, 3] It is our opinion that there is a distinction under our discovery rules between the traditional notion of a "trade secret" and "confidential commercial information." Whereas G.S. 1A-1, Rule 30(b) recognizes that protective orders may be issued to prevent disclosure of trade secrets for good cause shown, "confidential commercial information" is not so treated. Nevertheless, the courts under our rules should be careful in the interests of justice to prevent disclosure of confidential commercial information to avoid annoyance, embarrassment or oppression, particularly where the action is between competitors. It is noted that even under the more liberal federal rules, courts have held that there is no true privilege preventing the disclosure of either trade secrets or confidential commercial information. *A. H. Robins Company v. Fadely*, 299 F. 2d 557 (C.A. 5 1962); *Spartanics, Ltd. v. Dynetics Engineering Corporation*, 54 F.R.D. 524 (N.D. Ill. 1972). In any event, the customer list sought in this case is not a trade secret under our Rule 30(b). However, due to the sensitive and confidential nature of the information being sought in the competitive circumstances which are present in this case, the discretionary order requiring disclosure should be carefully reviewed for abuse.

[4] The plaintiff brought the present action under G.S. 75-1.1(a) contending that defendant's advertising practices constituted an unfair method of competition and a deceptive act. As the pleadings are couched, the list of buyers requested appears to be "relevant to the subject matter" under our Rule 26 and is reasonably calculated to lead to the discovery of admissible evidence, to wit, the amount of damages to plaintiff resulting from the sale of tobacco combines by defendant to purchasers who relied on defendant's allegedly deceptive practices. The consequence of *denying* plaintiff's request would to a partial

extent have the effect of legally sanctioning defendant's alleged unlawful conduct, the court conceding to the alleged wrong-doer the privilege of keeping the fruits of his irregular doings secret. Under these circumstances, we find no abuse of discretion in allowing discovery of the requested information.

Having so found, it is our opinion that no substantial rights of defendant have been destroyed or seriously imperiled; therefore, this appeal from an interlocutory order is

Dismissed.

Judges BRITT and ARNOLD concur.