F. E. DAVIS PLUMBING COMPANY, INC. AND KEEN SUPPLY CORPORATION v. INGLESIDE WEST ASSOCIATES, A LIMITED PARTNERSHIP; GEORGE S. RUSH, D/B/A RUSH ENGINEERS; BULLARD & GOFF CONTRACTORS, INC.; AND GREAT AMERICAN INSURANCE COMPANY

No. 7718SC729

(Filed 11 July 1978)

Rules of Civil Procedure § 37— failure to make discovery—defenses struck—sanction proper

　　In an action to recover on a construction contract where defendants failed to comply with a discovery order requiring specific information with respect to defendants' allegations of misrepresentation by plaintiff, negligence and carelessness by plaintiff and overpayment to plaintiff, the trial court did not abuse its discretion in entering an order striking those defenses since the evidence disclosed that defendants were either alleging defenses which they could not support with evidence or willfully refusing to disclose information to which plaintiff was entitled, and the sanction imposed by the court was within the limits prescribed by G.S. 1A-1, Rule 37.

APPEAL by defendants from *Walker (Hal H.), Judge.* Order entered 25 March 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 May 1978.

This civil action was instituted by plaintiffs F. E. Davis Plumbing Co., Inc., subcontractor (hereinafter Davis); and Keen Supply Corporation, to recover on a construction contract from defendants Ingleside West Associates, owner of the real property; George S. Rush, doing business as Rush Engineers, Inc., the general contractor (hereinafter Rush); Bullard & Goff Contractors, Inc.; and Great American Insurance Company, surety upon a performance and payment bond. The following facts are uncontroverted:

On 9 April 1974 plaintiff Davis and defendant Rush executed a contract whereby the former would provide services in conjunction with the construction of an apartment complex in High Point, North Carolina, for which it would be paid $131,893.00. Pursuant to the contract plaintiff Davis was paid $87,950.98 for work completed in November, 1974. In January, 1975, plaintiff Davis ceased working and instituted suit for breach of the construction contract, seeking $33,724.17 in damages. In January of 1976 the parties negotiated an agreement whereby plaintiff Davis was to receive $30,000 for work performed from November, 1974, to January, 1975, payable on 12 February 1976; and $32,000 for the completion of the plumbing work. On 19 February 1976 the defendants notified the plaintiffs that they did not intend to pay the $30,000 for past services because of fraud and misrepresentation on the part of plaintiff Davis.

On 14 September 1976 the plaintiffs filed a supplemental complaint alleging breach of the settlement agreement and sent the defendants a Request for Admissions of Facts and Genuineness of Documents and some interrogatories. In their answer filed 1 November the defendants alleged that the settlement agreement "was negotiated by fraud and misrepresentation on the part of the plaintiff, F. E. Davis Plumbing Co., Inc.; that the misrepresentation as to material circumstances, work completed, materials, and other matters were misrepresented to the defendants in an effort to induce defendants to enter into said paper writing of January 14, 1976." The defendants also filed answers to the plaintiffs' Request for Admissions of Facts and Genuineness of Documents and answers to the plaintiffs' interrogatories. On 3 November the plaintiffs filed a motion pursuant to Rule 37 of the North Carolina Rules of Civil Procedure for sanctions for the

defendants' failure to answer 39 of the plaintiffs' interrogatories and 4 of the Requests for Admissions. On 18 November a discovery order was entered in which the defendants were ordered to respond fully and in good faith to all of the interrogatories and Requests. The defendants submitted additional answers to the plaintiffs' interrogatories and Requests on 30 November.

On 9 December 1976 the plaintiffs for the second time moved for sanctions to be applied against the defendants for failure to answer Interrogatory Number 37 which requested the defendants to state specifically the basis of their defense of misrepresentation. On 25 March 1977 the trial court entered an order in which it struck the defendants' defense of misrepresentation and stated the following:

> [T]he following facts shall be taken to be established for the purpose of this action in favor of the plaintiffs:
>
> (a) The plaintiff did not make any misrepresentations to the defendants in procuring the settlement agreement dated January 14, 1976.
>
> (b) The defendants made no overpayments to the plaintiff.
>
> (c) The plaintiff did not commit any acts of negligence or carelessness in the installation and work on the Ingleside West Apartment Project.
>
> (d) The plaintiff did not submit any false or fraudulent information and did not make any false and fraudulent allegations to the defendants negotiating the settlement agreement dated January 14, 1976.

From the foregoing order imposing sanctions for the defendants' failure to make discovery, the defendants appealed.

*McNairy, Clifford & Clendenin, by R. Walton McNairy, Jr., for F. E. Davis Plumbing Co., Inc., plaintiff appellee.*

*Short, McNeil & Ray, by Larry W. McNeil, for Keen Supply Corporation, plaintiff appellee.*

*Shreve & Baynes, by Robert L. Baynes for defendant appellants.*

HEDRICK, Judge.

Assuming that the order dated 25 March, 1977, is interlocutory and non-appealable, we treat the appeal as a petition for a writ of certiorari and allow the same in order to dispose of the matter on its merits.

The trial judge's authority to impose sanctions for failure to make discovery is derived from G.S. 1A-1, Rule 37 of the North Carolina Rules of Civil Procedure, which in pertinent part provides the following:

(b) Failure to Comply With Order.

.  .  .

(2) Sanctions by Court in Which Action is Pending.—If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence; . . . .

In *Willis v. Duke Power Co.*, 291 N.C. 19, 34, 229 S.E. 2d 191, 200 (1976), Justice Exum wrote the following:

Emphasis in the new rules is not on gamesmanship, but on expeditious handling of factual information before trial so that the critical issues may be presented at trial unencumbered by unnecessary or specious issues and so that

evidence at trial may flow smoothly and objections and other interruptions be minimized.

Rule 37 contemplates that these objectives can be accomplished only if the court has the means and power to compel recalcitrant parties to abide by the rules of discovery. Thus, the trial judge has broad discretion in imposing sanctions to compel discovery under Rule 37. *Hammer v. Allison,* 20 N.C. App. 623, 202 S.E. 2d 307, *cert. denied,* 285 N.C. 233, 204 S.E. 2d 23 (1974). The essence of the defendants' argument is that the trial judge abused his discretion in imposing the sanction without regard to the ability of the defendants to comply with the discovery order.

We disagree. The record discloses that seven days after defaulting on payments due to plaintiffs under the settlement agreement the defendants informed the plaintiffs that they would not comply with the agreement because it had been induced by misrepresentation and that "the evidence which we are presently adducing will substantiate our position." Thereafter, on 8 March 1976, an agent of the defendants and the defendants' former attorney signed an affidavit in which they alleged misrepresentation on the part of the plaintiff Davis "as to materials on site and work performed, which resulted in overpayment" to plaintiff Davis. These general allegations of misrepresentation were later repeated by the defendants in answer to the plaintiffs' supplemental complaint. At this point the defendants' answer was clearly deficient in its failure to aver with particularity the circumstances constituting misrepresentation. G.S. 1A-1, Rule 9(b). The plaintiffs attempted through discovery to procure the information upon which the defendants were basing their allegation of misrepresentation.

In Interrogatory Number 37 the plaintiffs requested the following information relative to the defendants' defense of misrepresentation:

Referring specifically to the affidavit of Glen F. Lambert and Stanley A. Gertzman of March 8, 1976, state specifically and in full detail:

(a) All misrepresentations you allege that were made to the general contractor by the plaintiff.

(b) All overpayments you claimed to have been made by Rush Engineers to F. E. Davis Plumbing Company.

(c) All acts of negligence and carelessness of F. E. Davis Plumbing Company in the installation and work on the apartment project.

(d) All false and fraudulent allegations and information you claim to have been submitted by F. E. Davis Plumbing Company.

The defendant Rush initially responded to this interrogatory by explaining that he was unable to provide the answer since the item was "handled through Rush Engineers' Agents, Servants, Employees and/or Sub and Independent Contractors." Subsequent to the discovery order of 18 November 1976 the defendant Rush made the additional answer "that the affidavit filed on March 8, 1976, in this action is full and complete and is herein realleged as if specifically set forth in full." At no time before or after the discovery order did the defendants raise an objection to any of the interrogatories. *See Harrington Mfg. Co., Inc. v. Powell Mfg. Co., Inc.*, 26 N.C. App. 414, 216 S.E. 2d 379, *cert. denied*, 288 N.C. 242, 217 S.E. 2d 679 (1975).

We think the record demonstrates that the defendants were either alleging a defense which they could not support with evidence or willfully refusing to disclose information to which the plaintiffs were entitled. In either event the trial court's order was "just" and the sanction imposed was within the limits prescribed by Rule 37. Since the defendants have failed to show any abuse of discretion, the order appealed from is affirmed.

Affirmed.

Judges PARKER and MITCHELL concur.