Daniel T. MUELLER, as an individual, the City and County of Denver, a Municipal Corporation, and Arthur Dill, Chief of Police for the City and County of Denver, Petitioners,

v.

DISTRICT COURT IN AND FOR the CITY AND COUNTY OF DENVER, Jennifer Asplin and Donald T. Leidy, Respondents.

No. 79SA547.

Supreme Court of Colorado, En Banc.

April 21, 1980.

Holm & Dill, Professional Corporation, Jon L. Holm, Denver, for petitioner Daniel T. Mueller.

Halaby & Bahr, Theodore Halaby, Denver, for petitioners City & County of Denver and Arthur Dill.

---

1. *Norrod* states:

"Appellant further argues that the extradition documents should not have been predicated on appellant's alleged commission of the substantive crime of escape. Rather, he claims the extradition should have been based upon that alternate portion of the statute, C.R.S.1963, 60–1–3 [now section 16–19–104, C.R.S.1973], which allows extradition of a person who has escaped from confinement. He contends that since the extradition documents did not include a copy of the judgment of conviction or of the sentence imposed in execution thereof, the documents are insufficient. In answer, we merely point out that it is fundamental that the statutory grounds of section 60–1–3, which are required to be set forth in the form of demand for execution, are stated in the alternative. If any one ground is adequately set forth as required by the statute, then the demand is sufficient in form to authorize the execution of the personal demand."

Berkowitz & Berkowitz, Larry Berkowitz, Denver, for respondents Jennifer Asplin and Donald T. Leidy.

LEE, Justice.

In this original proceeding, we issued a rule to show cause why respondent district court should not be prohibited from ordering petitioner, Daniel T. Mueller, to answer interrogatories and to respond to a request for production of documents when Mueller made an untimely objection based on his privilege against self-incrimination. We now make the rule absolute.

This case arose from an incident in which Jennifer Asplin and Donald Leidy, while driving south on Interstate 25, were shot and wounded, allegedly by petitioner Mueller, who at that time was a Denver police officer. Asplin and Leidy were unable to identify their assailant by photographs or in a police lineup, and the district attorney refused to prosecute Mueller.

Asplin and Leidy then brought a civil action for damages in district court against petitioners. The complaint alleged that Mueller "wilfully, wantonly, and maliciously" shot them and that the City and County of Denver and the Denver police chief were aware of Mueller's "violent, careless and reckless behavior" prior to this incident.

Interrogatories and requests for production of documents were directed to Mueller on August 7, 1979. The interrogatories were to be answered by September 9, 1979, and the documents were to be produced by September 10, 1979.

On September 18, 1979, petitioner requested an extension of time within which to respond to the discovery requests. Counsel for Asplin and Leidy agreed to a one-week extension to answer the interrogatories and requests for documents, but refused to agree to any extension for the filing of objections to the discovery requests.

No answers to the interrogatories were received within the one-week extension, nor was there compliance with the request for production of documents within that time.

On September 24, 1979, Asplin and Leidy filed a motion to compel discovery. Thereafter, responses to the discovery requests were received by counsel for Asplin and Leidy. In those, petitioner had refused to answer a number of the interrogatories and to produce certain requested documents, citing his privilege against self-incrimination.

On October 22, 1979, Asplin and Leidy filed a second motion to compel. They asserted first that Mueller had no right to invoke his privilege against self-incrimination since there was no criminal action pending or threatened against him, and second that Mueller had waived any right to object by failing to object to the discovery requests in a timely fashion.

After a hearing, the district court granted the motion and ordered Mueller to answer the interrogatories, produce the items requested, and authorize the release of other documents as requested by Asplin and Leidy. The court based its ruling on Mueller's failure to make a timely request for extension of time or to make a timely objection to such discovery requests.

Respondents rely on a number of cases to support their contention that the failure to object or to invoke a privilege within the required time limit waives the right. *E. g., United States v. 58.16 Acres of Land,* 66 F.R.D. 570 (E.D.Ill.1975). None of the cases relied upon by respondents, however, involve the waiver of a constitutional right.

■ We recognize the general rule that "[i]n the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of any objection." 8 *Wright & Miller, Federal Practice and Procedure: Civil* § 2173, at 544 (1970). We decline, however, to extend the general rule to the facts here before us. Instead, we hold that the failure to make a timely objection to interrogatories or requests to produce documents did not constitute a waiver of the constitutional privilege against self-incrimination. *Hout v. Gendron,* 284 A.2d 899 (Me.1971); *Harrington Mfg. Co., Inc. v. Powell Mfg. Co.,* 26 N.C.App. 414, 216 S.E.2d 379 (1975); *Golding v. Taylor,* 19 N.C.App. 245, 198 S.E.2d 478 (1973). Such a

waiver must be knowingly, intelligently, and *voluntarily* made. *Espinosa v. People*, 178 Colo. 391, 497 P.2d 994 (1972). *See also* Kaminsky, *Preventing Unfair Use of the Privilege Against Self-Incrimination in Private Civil Litigation: A Critical Analysis*, 39 Brooklyn L.Rev. 121 (1972).

 Respondents also argue that even if Mueller did not waive his right to object he failed to satisfy the burden of establishing his right to claim the privilege against self-incrimination. We do not reach this issue since the respondent district court predicated its ruling solely upon the waiver issue. It did not consider the merits of petitioner's constitutional claim of privilege under the Fifth Amendment. This is properly a matter for determination by the trial court under the standards set forth in *Tipton v. City of Lakewood*, Colo., 595 P.2d 689 (1979).

Accordingly, we make the rule absolute.