ADA PEARL STONE AND CECIL GLYNN JERNIGAN, INDIVIDUALLY, AND AS SHAREHOLDERS OF CREEKSIDE ENTERPRISES, INC. v. R. L. MARTIN, JR. AND LARRY G. SANDERFORD AND CREEKSIDE ENTERPRISES, INC.

No. 8010SC1061

(Filed 1 September 1981)

**Constitutional Law § 76; Rules of Civil Procedure § 37— self-incrimination— failure to make discovery— sanctions**

Defendant had the right to refuse to answer interrogatories and requests for admission on the ground that to answer might tend to incriminate him; however, the trial court could nevertheless impose sanctions provided by G.S. 1A-1, Rule 37(b), for defendant's failure to obey an order to permit discovery.

APPEAL by defendant R. L. Martin, Jr., from *Preston* and *Lee, Judges.* Order filed 31 March 1980 by *Judge Preston* and order and judgment filed 12 September 1980 by *Judge Lee* in Superior Court, WAKE County. Heard in the Court of Appeals 1 May 1981.

Plaintiffs, shareholders in defendant corporation, bring this action against the corporation and the individual defendants, officers and directors thereof, alleging numerous improper and unlawful acts and omissions relating to the affairs of the corporation. They seek, *inter alia,* compensatory damages, punitive damages, and, as to the individual defendants, arrest and bail, and execution against the person.

Plaintiffs served on the individual defendants fifty-eight interrogatories and fifteen requests for admission. Defendant R. L. Martin, Jr., objected to all the interrogatories and requests for admission on grounds that, because the action seeks punitive damages which are in the nature of a penalty, answering would violate his privilege against self-incrimination under the United States Constitution, amendments V and XIV and the North Carolina Constitution, article I, section 23. Judge Preston found that three of the interrogatories and three of the requests for admission called for potentially incriminating answers. He ordered that the individual defendants were not required to answer those so found, but were required to answer all others.

The individual defendants did not comply with this order; and plaintiffs moved for sanctions pursuant to G.S. 1A-1, Rule 37(b). Judge Lee ordered the individual defendants' answers stricken and that the individual defendants not oppose any claim or allegation set out in plaintiffs' complaint. He adjudged them to be in default and ordered a judgment of default against them, the jury to determine the amount of the judgment.

Defendant R. L. Martin, Jr. (hereinafter defendant) appeals.

*Brenton D. Adams for plaintiff appellees.*

*Hunter, Wharton & Howell, by John V. Hunter, III, for defendant R. L. Martin, Jr., appellant.*

WHICHARD, Judge.

Assuming the orders are interlocutory and non-appealable, we treat the appeal as a petition for a writ of certiorari and allow the writ in order to dispose of the issue presented on its merits. *See Plumbing Co. v. Associates*, 37 N.C. App. 149, 245 S.E. 2d 555, *disc. rev. denied* 295 N.C. 648, 248 S.E. 2d 250 (1978).

G.S. 1A-1, Rule 37(b), permits the following sanctions for failure to obey an order to permit discovery:

> b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses . . . .
>
> c. An order striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Judge Lee's order and judgment which (1) struck defendant's answer, (2) ordered that defendant not oppose any claim or allegation set out in plaintiffs' complaint, and (3) adjudged defendant to be in default and ordered judgment of default against him, clearly fell within these provisions. "The choice of sanctions to be imposed having been left by the rule in the court's discretion, we may not overturn the court's decision unless an abuse of that discretion is shown." *Silverthorne v. Land Co.*, 42 N.C. App. 134, 137, 256 S.E. 2d 397, 399, *disc. rev. denied* 298 N.C. 300, 259 S.E. 2d 302 (1979). *See also Laing v. Loan Co.*, 46 N.C. App. 67, 264 S.E. 2d 381, *disc. rev. denied* 300 N.C. 557, 270 S.E. 2d 109 (1980); *Plumbing Co. v. Associates*, 37 N.C. App. 149, 245 S.E. 2d 555, *disc. rev. denied* 295 N.C. 648, 248 S.E. 2d 250 (1978); Shuford, North Carolina Civil Practice and Procedure § 37-3 (1975). The issue presented is whether an abuse of discretion has been shown by virtue of defendant's claim that to compel response to the matters propounded would violate his constitutional privilege against self-incrimination. We answer in the negative.

In *Franklin v. Franklin*, 365 Mo. 442, 283 S.W. 2d 483 (1955), a divorce action, plaintiff-wife refused, on the ground that the answers might tend to incriminate her, to answer interrogatories, as well as questions asked at the temporary alimony hearing, regarding the status of her previous marriage to another. The

court held that this justified the sanction of striking her pleadings. It stated:

> Of course, plaintiff had the right to refuse to answer . . . if to answer would tend to incriminate her. But, may she, by virtue of that privilege, obtain . . . relief . . . which otherwise would be denied to her on refusal to answer pertinent written or oral interrogatories? We have not been cited to nor have we found any case authorizing her to do so.
>
>      . . . .
>
>      . . . Although plaintiff may refuse to answer self-incriminating interrogatories, yet, when she does, her action must be judged in the same manner and by the same rules as though she had refused to answer any other pertinent written or oral interrogatories.

365 Mo. at 445-447, 283 S.W. 2d at 485-486.

We concur in that reasoning. Defendant has the right to refuse to answer the interrogatories and requests for admission on the ground that to answer may tend to incriminate him. Invocation of this constitutional privilege may legitimately serve as a shield, with potential to protect defendant from criminal responsibility which may ensue from the acts and omissions alleged. It is not an abuse of discretion, however, to refuse to allow that privilege to serve also as a sword, with potential to defeat civil actions which may likewise ensue from those acts and omissions.

Defendant cites and relies on *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964). We do not find that decision dispositive. It held that a defendant subject to punitive damages and execution against the person could claim the constitutional privilege against self-incrimination and decline to give testimony in an adverse examination pursuant to former G.S. 1-568.11 (repealed 1970). It did not hold, however, that the trial judge abuses his discretion by imposition of clearly authorized sanctions therefor. Defendant also cites the decision of this court in *Lowder v. Mills, Inc.*, 45 N.C. App. 348, 263 S.E. 2d 624 (1980). The North Carolina Supreme Court has reversed that decision, holding that refusal by defendant there to produce tax returns pursuant to court order was not protected by the privilege against self-incrimination. *Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E. 2d 247 (1981).

We find no abuse of discretion in the imposition of the sanctions invoked, and we thus affirm the entries below.

Affirmed.

Judges MARTIN (Robert M.) and BECTON concur.