STATE v. TOY NALL.

(Filed 16 December, 1936.)

1. **Criminal Law § 18—**

Under the plea of not guilty the defense of insanity and every other defense to the charge in repelling, mitigating, or reducing the offense to a lower grade is admissible.

2. **Criminal Law § 7—Defendant may testify as to injuries received by him and their effect on his mind upon his plea of insanity.**

Testimony by defendant as to injuries received by him and the effect of such injuries upon his mind and ability to know what he was doing is competent upon his plea of insanity as tending to establish facts from which the jury might infer, in connection with other evidence, that defendant was insane, and the exclusion of his testimony is reversible error.

3. **Criminal Law § 31b—Witness held to have shown sufficient observation of defendant to testify as to defendant's mental irresponsibility.**

A nonexpert witness who testifies that he had known defendant all his life and had a number of conversations with him, but that he had not talked with him much during the prior year, but who has an opinion satisfactory to himself from his observation of defendant as to defendant's mental condition, is competent to give his testimony on the question, and the exclusion of his testimony that defendant was irresponsible for his actions is reversible error upon defendant's exception.

4. **Criminal Law § 81d—**

Where a new trial is awarded upon certain exceptions, other exceptions relating to matters not likely to arise upon a subsequent hearing need not be determined.

APPEAL by the defendant from *Phillips, J.,* at May Term, 1936, of MOORE. New trial.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*J. H. Scott and W. R. Clegg for defendant, appellant.*

SCHENCK, J. This is an appeal from a judgment of death based upon a conviction of murder in the first degree.

The defendant entered a plea of not guilty. After testifying that the fatal shot was fired by another person than himself, the defendant, through his counsel, announced to the court that he pleaded insanity, that is, the defendant pleaded not guilty, first, upon the ground that he did not commit the act, and, second, upon the ground that if the jury should find he committed the act, that he was not responsible for the reason that he was insane. Under the plea of not guilty, the defense of insanity and every other defense to the charge in repelling, mitigating, or reducing the offense to a lower grade was admissible. *S. v. Potts,* 100 N. C., 457. "Insanity at the time of the homicide could, of course, be set up as a defense on the other issue as to the prisoner's guilt." *S. v. Sandlin,* 156 N. C., 624.

The following appears in the record of the defendant's testimony as a witness in his own behalf:

"I was hit on the head with a baseball bat at West End about eight years ago and have been hit in the head with an axe twelve years ago and I had the measles to settle in my head.

"Q. What effect, if any, have those things had on your mind?" Objection by the State sustained, exception.

"Had he been permitted to do so, the witness would have testified substantially as follows: They have had a bad effect on my mind. Sometimes I lose all my sense of recollection and do not know what I am doing and I cannot remember what I have done during the time my mind is gone away from me. There have been hours at a time when I did not know a thing."

This evidence as to the injuries received by the defendant and the effect of such injuries upon his mind and ability to know what he was doing was competent upon the plea of insanity, since it tended to establish facts from which, when taken into consideration with other evidentiary facts, the jury might have inferred that the defendant was insane, and its exclusion was error.

In the record of the testimony of C. J. Smith, called as a witness for the defendant, the following appears:

"I live at Putnam, where I was raised, but have been away until about a year ago. I am a locomotive engineer and have known Toy Nall all his life. I have had an opportunity to observe his mental and physical condition since I have been acquainted with him. I have talked with him but have not had much conversation with him in the last year, but until that time I had had quite a number.

"Q. What has been your observation of his mental and physical condition?" Objection by the State sustained, exception.

"Q. Mr. Smith, have you got an opinion satisfactory to yourself as to his mental condition?" Objection by the State sustained, exception.

"Had he been permitted to do so, the witness would have answered that he had an opinion satisfactory to himself as to the mental condition of the defendant, and would have testified that from his observation of him and his knowledge of him through observation and conversation that he was not mentally competent, but was irresponsible for his action."

The exclusion of this evidence was error. A person, though not an expert, who has had opportunity to observe the defendant, and who has an opinion satisfactory to himself, is competent to express his opinion as to the defendant's sanity or insanity. *S. v. Banner,* 149 N. C., 519; *S. v. Journegan,* 185 N. C., 700; *S. v. Hauser,* 202 N. C., 738.

For the exclusion of the proffered evidence the defendant is entitled to a new trial, and since this is so, no useful purpose can be served by comment upon the other assignments of error in the record, as the questions presented thereby are not likely to arise in another trial.

New trial.