STATE v. ERVIN MERCER
No. 68SC228

(Filed 14 August 1968)

1. **Criminal Law § 162— motion to strike — unresponsive and hearsay testimony**

   In a prosecution for first-degree murder, the trial court properly allowed the State's motion to strike the answer of a State's witness elicited on cross-examination, which answer was not responsive to the question and was hearsay.

2. **Homicide § 15— exclusion of irrelevant evidence**

   In a prosecution for first-degree murder, the trial court properly excluded as irrelevant (1) testimony of a State's witness with respect to the manner in which defendant had wished to be buried, (2) testimony of defendant as to the localities of his overseas service for 15 years, and (3) testimony of defendant with respect to his previous marriage and the circumstances of its dissolution.

3. **Criminal Law § 50; Arrest and Bail § 3— testimony invading province of jury — competency**

   In a prosecution for first-degree murder, testimony of the arresting

officer is not incompetent as an invasion of the province of the jury when he testifies that at the time he responded to a call to arrest the defendant he was aware that a felony had been committed, that the defendant's wife had been murdered, and that he had reasonable grounds to believe who had committed the felony, since the officer was merely explaining the basis for his arrest of defendant.

**4. Criminal Law § 43—    competency of photographs**

In a prosecution for first-degree murder, the court does not commit error in admitting photographs for the purpose of illustrating the testimony of a State's witness as to the location of the bodies in the house where the homicide took place, the location of the gunshot wounds, and the condition of the front door to the house.

**5. Criminal Law § 43—   gruesome photographs — competency**

If a photograph is relevant and material, the fact that it is gory or gruesome will not alone render it inadmissible.

**6. Criminal Law § 42—    bullets connected with crime — competency as exhibits**

In a prosecution for first-degree murder, bullets connected with the commission of the crime are properly admissible as exhibits.

**7. Criminal Law § 63—    evidence as to defendant's sanity**

In a prosecution for first-degree murder, the trial court properly excludes testimony of the defendant that, in his opinion, he did not know right from wrong during the time the killings occurred.

**8. Criminal Law § 164—    renewal of motion for nonsuit**

Where defendant introduces evidence, the motion for nonsuit at the close of the State's evidence is waived, and the assignment of error should be based on exception to the failure of the court to grant motion for nonsuit at the close of all the evidence.

**9. Criminal Law § 176—    renewal of motion for nonsuit — review**

Where motion to nonsuit is renewed at the close of defendant's evidence, the only question presented for review is whether there was error in the denial of the motion made at the conclusion of all the evidence.

**10. Homicide § 21—    first-degree murder — sufficiency of evidence**

In this prosecution charging the defendant with the first-degree murder of his wife, the evidence is sufficient to be submitted to the jury on the question of defendant's guilt.

**11. Criminal Law § 170—    argument of solicitor**

Where the court directs the jury to use their own recollection of the evidence in the case and not the recollection of the solicitor, the court, or defense counsel, any impropriety in the solicitor's argument implying collusion between the defendant and his witness in testifying contrary to the import of other evidence is rendered harmless.

**12. Criminal Law § 170—    argument of solicitor — inflammatory language**

Under the circumstances of this prosecution for first-degree murder, de-

fendant was not prejudiced by solicitor's argument referring to the "slaughter" which took place in the house of the homicide. ·

APPEAL by defendant from *Parker, J.,* February 1968 Criminal Session, WILSON Superior Court.

Defendant was tried on three valid indictments charging first-degree murder. The cases were consolidated for trial. Defendant entered a plea of not guilty to each charge. The jury returned a verdict of guilty of murder in the second degree in each case. From judgments rendered on the verdicts, defendant appealed.

*Farris and Thomas by Robert A. Farris for defendant appellant.*

*T. W. Bruton, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State, appellee.*

MORRIS, J.

Defendant has submitted this appeal under Rule 19(d)(2) but has failed to comply therewith in that he has not attached any appendix to his brief as required. Nevertheless, we have engaged in a voyage of discovery and find no prejudicial error.

Assignments of error Nos. 1, 2, 3, 4, 6, 7, 8, 9 and 10 are all addressed to the admission or exclusion of evidence.

[1] The court properly allowed a motion to strike the answer of Mrs. Owens, "Well I don't think she had ever done him right." The witness had been asked on cross-examination by counsel for defendant if she knew why defendant did not stay with his wife. She answered that his wife didn't want him to. The quoted answer was given in response to a question asking how long that situation had existed. The answer was obviously not responsive; it was a matter of opinion for which no foundation had been laid, and was hearsay.

[2] The testimony of the witness Mrs. Owens with respect to the manner in which defendant had stated he wished to be buried, the testimony of defendant as to the localities of his overseas service for 15 years, the testimony of defendant with respect to his previous marriage and the circumstances of its dissolution was all irrelevant and properly excluded.

[3] The admission of the evidence of Officer Hayes, the arresting officer, to the effect that at the time he went to defendant's brother's house in response to a call to go there and pick up Ervin Mercer he was aware that a felony had been committed, that Myrtle Mercer

had been murdered, and that he had reasonable grounds to believe who had committed the felony was not prejudicial error as an invasion of the province of the jury. The witness was the arresting officer who was explaining the basis for his arrest of defendant. Immediately following the above testimony was testimony that there was at that time a warrant on file in the police department for the arrest of Ervin Mercer.

[4-6] The court admitted, for the purpose of illustrating the testimony of Detective Smith, certain photographs and bullets. Defendant contends this was prejudicial error. He contends the photographs and bullets were inflammatory. He does not contend these exhibits were not accurate. The photographs were used to illustrate the testimony of Detective Smith as to the location of the bodies in the house, the location of the wounds, the condition of the front door to the house, etc. The court properly instructed the jury as to the exhibits. Their admission was not prejudicial error. *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10. In that case the Court quoted, with approval, Stansbury, N. C. Evidence 2d, § 34, as follows: "If a photograph is relevant and material, the fact that it is gory or gruesome . . . will not alone render it inadmissible."

[7] The defendant earnestly contends that he should have been permitted to testify as to whether in his own opinion he himself knew right from wrong while he was in the house where the killings were done and whether he had sufficient mind to know what he did and the consequences of his act. In support of his contention, defendant relies on *State v. Nall,* 211 N.C. 61, 188 S.E. 637. There, the Court held admissible defendant's testimony that eight years prior to the time of his testimony he had been hit on the head with a baseball bat and twelve years prior he had been hit on the head with an axe and that he had had measles settle in his head and that these had had a bad effect on his mind; that he sometimes lost his "sense of recollection" and could not remember what he had done when his mind was gone away from him. The testimony sought to be admitted here is quite different. Here, the defendant had already testified that he remembered going in the house and remembered standing on the porch hearing the gun clicking at his head, but remembered nothing in between. It was during this time the killings occurred and it was this period of time as to which defendant wished to testify that in his opinion he did not know right from wrong. We think the evidence was properly excluded.

We have carefully examined the remaining assignments of error addressed to rulings of the court as to admission or exclusion of testimony, and we find them to be without merit.

[8-10] Defendant's assignments of error Nos. 5 and 11 are to the failure of the court to grant motion for nonsuit at the close of the State's evidence and at the close of all the evidence. The defendant offered evidence. The motion for nonsuit at the close of the State's evidence is, therefore, waived, and the assignment of error should be based on the second exception. 2 Strong, N. C. Index 2d, Criminal Law, § 105. The only question is whether there was error in the denial of the motion made at the conclusion of all the evidence. *State v. Leggett,* 255 N.C. 358, 121 S.E. 2d 533; *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916. Defendant in his brief cites no authorities, and makes no argument in support of his assignment of error. In this situation, under Rule 28, the exception is deemed abandoned. We have, however, carefully examined the evidence. Without reciting all the details of the evidence, it tends to show that defendant and his wife had been having trouble for some time; that she had refused to talk with him on several occasions; that they had had arguments and then reconciliations; that she had written him a "Dear John" letter; that he had gotten a 10-day leave to come home and try to get his marital problems straightened out; that he had, about a month prior to the killings, written to his wife that he would rather be dead and have her with him than to see her with another man, and "Don't make me do something that will put both of us in the grave"; that when he came to Wilson to see her she refused to see him so he went to Tarboro to stay with a cousin; that the cousin brought him to Wilson the night of the killings to try to see her again; that he got out of the car, first picking up a pistol and bullets in a paper bag which was under the seat of the car and which she had returned to him earlier in the day; that he went on the porch, laid the bag containing the pistol in a chair, and knocked on the door; that she called out to him that if he didn't leave she would call the police; defendant testified he remembered going in the house but his memory stopped at that point until he found himself back on the porch. Mrs. Owens, the cousin, testified that he kicked at the door and shots rang out at the same time; that she heard a voice say "Ervin, don't do that", and she left at that point and went to his brother's house. The testimony of other witnesses was to the effect that defendant came out of the house after the shots were heard and walked down the walk. He testified he remembered standing on the porch with the gun clicking at his head; that he went into a neighbor's yard, was sitting behind some bushes and saw the police cars come up and knew he had done something; that he laid the pistol on the ground and buried the bullets left in the ground so he would not do anything else and walked to his

brother's house where he was later apprehended. Clearly the evidence is sufficient to withstand a motion of nonsuit. *State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769; *State v. Porth, supra.*

[11, 12]    Two assignments of error involve statements made by the solicitor in his argument to the jury. The solicitor argued to the jury that collusion could be inferred between defendant and his witness, his brother, for that both testified that defendant had had two drinks, although the evidence was that defendant had not had anything to drink with his brother. Defendant contends that his brother testified that he, the defendant, had had a "couple" of drinks which was merely a figure of speech. The court directed the jury to use their own recollection of the evidence and not the solicitor's, his, or that of counsel for defendant. The court overruled defendant's objection to a portion of the solicitor's argument wherein he referred to the "slaughter which took place in that house on September 14th". Defendant's objection is that the word "slaughter" is inflammatory. We cannot say that under the facts of this case the word is inaccurate, nor did the court's overruling defendant's objection constitute reversible error.

Defendant's remaining eight assignments of error are addressed to the charge of the court and the refusal of the court to charge as requested by defendant. We have painstakingly examined the charge of the court. We find it contains the exact language contended for by defendant in his brief with respect to assignment of error No. 20. We find that the charge, when considered in its entirety, covers fairly, impartially, accurately, and clearly all the essential elements of the case and is free from error.

Defendant had a fair trial and was ably represented by counsel both at trial and on appeal.

In the verdict and judgment, we find

No error.

CAMPBELL and BRITT, JJ., concur.