CAROLINA ELECTRIC SERVICE OF HENDERSON, INC.
v. THEODORE A. GRANGER

No. 729DC740

(Filed 25 October 1972)

**Judgments § 50— action on a default judgment — summary judgment**
> Summary judgment was properly entered in favor of plaintiff in an action to renew a default judgment obtained in 1962 where defendant made no effort to have the judgment set aside after he learned of it in 1963, and there is nothing in the record to show that defendant was entitled to have the judgment set aside.

APPEAL by defendant from *Peoples, District Judge,* at the 26 June 1972 Session of VANCE District Court.

The purported record on appeal filed by defendant, and the "countercase" filed by plaintiff, disclose:

On 8 February 1972 plaintiff filed complaint in this action alleging in pertinent part as follows: On 17 April 1962, L. W. Mitchell, trading as Carolina Electric Service, obtained judgment against defendant for $2,057.91 plus interest and costs. Thereafter L. W. Mitchell caused his business to be incorporated and said judgment was transferred to the corporation, plaintiff herein. No payment having been made on the judgment, plaintiff prays that it recover the principal amount of the judgment plus interest and costs.

The answer to said complaint in pertinent part alleges: Defendant is not indebted to plaintiff herein or the plaintiff in the original action. At the time the original action was instituted defendant had "suffered" an accident and was "beset by difficulties as a result thereof." Defendant advised his counsel of errors in the complaint in the original action, was given certain assurances by his counsel, and did not learn "until more than one year after April 17, 1962," that judgment had been entered against defendant.

On 7 March 1972 plaintiff moved for summary judgment pursuant to G.S. 1A-1, Rule 56, on the ground that "there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law." The motion was duly served on defendant. On 28 June 1972 summary judgment was entered in favor of plaintiff for $2,057.91 plus interest and costs. Defendant gave notice of appeal.

*Zollicoffer & Zollicoffer by John H. Zollicoffer, Jr., for plaintiff appellee.*

*Theodore A. Granger In Propria Persona (by Brief).*

BRITT, Judge.

Plaintiff appellee has moved in the Court of Appeals that all documents filed by defendant appellant in this court, and particularly those designated "Case on Appeal and Record" and "Brief" be dismissed for that they do not comply with the rules of the court. Plaintiff attaches to its motion a record of the case duly certified by the Clerk of the District Court of Vance County. Although plaintiff's motion has merit and should be allowed, we elect to consider the case on its merits.

We hold that summary judgment in favor of plaintiff was proper. Nothing in the record indicates that after defendant learned (evidently in 1963) that judgment had been rendered against him in the original action that he made any effort to have the judgment set aside. Furthermore, there is nothing in the record to show that defendant was entitled to have the judgment set aside. See *Johnson v. Sidbury,* 225 N.C. 208, 34

S.E. 2d 67 (1945); *Rawleigh, Moses & Co. v. Furniture, Inc.,* 9 N.C. App. 640, 177 S.E. 2d 332 (1970).

The judgment of the district court is

Affirmed.

Chief Judge MALLARD and Judge BROCK concur.