U.S.I.F. WYNNEWOOD CORP. v. W. G. SODERQUIST AND WIFE, OSCELA SODERQUIST

No. 7528SC518

(Filed 3 December 1975)

1. Evidence § 43— testimony as to mental condition

A party may testify as to what his mental condition was at a particular time.

2. Evidence §. 44— source of depression — purpose for drugs — lay testimony

In a hearing on a motion to set aside a default judgment, the trial court did not commit prejudicial error in permitting the male defendant to testify as to the source of his depression and the purpose for which certain drugs were prescribed for him, although the witness was not a medical expert, since the hearing was before the court without a jury and the court was presented with the facts upon which the witness based his opinion.

3. Evidence § 40— receipt of service of process — no opinion on question of law

In a hearing upon a motion to set aside a default judgment, testimony by the femme defendant that she had not received service of the summons and complaint did not constitute an expression of opinion on a question of law and was properly admitted.

4. Judgments § 25— excusable neglect — incompetency of defendant

Finding of excusable neglect was supported by the court's factual determination that the male defendant, who was served with process, was not of sound mind at the time of service and was incapable of taking intelligent action on his own defense. G.S. 1A-1, Rule 60(b).

5. Judgments § 29— meritorious defense — mitigation of damages

A prima facie meritorious defense was available to defendants in an action for breach of a lease where plaintiff was given a default judgment for the entire contract price without reduction for the fair rental value of the premises since defendant would be entitled to mitigate the damages by showing the fair rental value for the term of the lease.

APPEAL by plaintiff from *Grist, Judge.* Order entered 3 April 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 14 October 1975.

Plaintiff filed a complaint in which it sought to recover monetary damages for breach of a lease. A civil summons was thereafter issued and served upon the male defendant by personally delivering to him copies of the complaint and civil summons and upon the female defendant by leaving copies thereof at her dwelling house with the male defendant. The defendants made no response by answer or otherwise, and a judgment by default was entered in superior court.

The defendants later moved to set aside the judgment by default pursuant to G.S. 1A-1, Rule 60(b). At the hearing defendants offered evidence attempting to substantiate their defense of excusable neglect. The testimony tended to establish that Mr. Soderquist was mentally ill, suffering from involuntary depression. He was hospitalized for 23 days and was under the influence of sedative drugs which substantially affected his behavior. As a result of his taking the drugs Mr. Soderquist was uncommunicative and his memory was bad.

Mr. Soderquist testified that he did not recall being served with the civil summons and that he did not communicate to Mrs. Soderquist that he had been served. Mr. Soderquist first recalled mentioning the civil summons to his wife when he received notice by mail that the judgment by default had been entered. Mr. Soderquist knew that he was behind in his rent and he thought he was being sued for past rent due.

The trial court made findings of fact substantially in accordance with the evidence offered by the defendants, and held that the defendants had stated a meritorious defense. From the order setting aside the default judgment, plaintiff appeals to this Court.

*Patla, Straus, Robinson and Moore, P.A., by Victor W. Buchanan, for plaintiff appellant.*

*McGuire, Wood, Erwin and Crow, by William F. Walcott III, for defendant appellees.*

ARNOLD, Judge.

[1] Plaintiff contends that the trial court erred in allowing Mr. Soderquist, the male defendant, to testify regarding his

mental and physical condition. Plaintiff objects to the testimony because it was self-serving. This contention is rejected. A party may testify as to what his own mental condition was at a particular time. See *State v. Nall,* 211 N.C. 61, 188 S.E. 637 (1936).

[2]   Plaintiff's next assignment of error relates to the trial court's ruling permitting Mr. Soderquist to testify regarding the source of his depression, and as to the purpose for which certain drugs were prescribed for him. Plaintiff argues that the witness was neither tendered as an expert witness nor qualified to be an expert witness, and that the testimony should not have been admitted.

The contested testimony was as follows:

"COURT: What are those drugs that you are on prescription for?

WITNESS: They are for my nervous system."

The primary purpose of the opinion rule is to protect the jury from being unfairly swayed by the thought process of the witness. Where the facts can be intelligently presented to the jury, and the witness is no better qualified than the jury to form an opinion from the facts, the jury, as ultimate trier of fact, should be allowed to draw its own opinion from the facts without risk of prejudice from the witness's opinion of the facts. Stansbury, North Carolina Evidence, Brandis Revision, § 123, p. 386.

It should be noted that this hearing on defendant's motion to set aside the default judgment was before the presiding judge of the Superior Court of Buncombe County sitting without a jury. The danger of prejudice to the jury did not exist in this case. The trial judge was sitting as the trier of fact, and he reviewed the factual evidence upon which the witness made his opinion. The following testimony of Mr. Soderquist came immediately after the statement, "They are for my nervous system."

"One is Librium, which I take in the morning and at bedtime, and one is Presamine, which I take twice a day. There is another one, but I can't think of the name of that. These slow me down; and if I do not take them I'm in a high nervous state and in such a condition, I'm hardly able to do anything now. I have a twenty percent service connected disability."

The trial judge was presented with the facts upon which the witness based his opinion, and we cannot say that he committed prejudicial error in admitting the witness's opinion into evidence.

[3] . Plaintiff's third assignment of error alleges that the trial court committed prejudicial error in permitting Mrs. Soderquist, the female defendant, to testify that she had not received the notice or service of process or summons. Plaintiff argues that the witness's response was an expression of opinion as to a question of law which was not within the competency of the witness. We cannot agree.

Mrs. Soderquist was asked factual questions within her personal knowledge and the trial judge did not err in permitting the witness to answer. Defendant's counsel was seeking to determine if Mrs. Soderquist physically received or had possession of the summons and complaint served on Mr. Soderquist, the male defendant. Counsel was not attempting to have Mrs. Soderquist establish the legal sufficiency or insufficiency of the service.

Plaintiff next contends that the trial court erred in prohibiting plaintiff from cross-examining the male defendant regarding other civil actions. Plaintiff argues that he has been denied the opportunity to impeach the male defendant.

While the court did restrict cross-examination concerning other civil actions pending against defendant, plaintiff was allowed to introduce the pleadings of these other actions. Also, the court, sitting without a jury, found as a fact that the defendant had employed attorneys to represent him on a regular basis, and that they represented him in another cause. There was no prejudice to the plaintiff by the trial court's limitation on cross-examination.

Finally, plaintiff argues that the trial court erred in entering its order under which the judgment by default was set aside. In order to set aside a judgment by default pursuant to G.S. 1A-1, Rule 60(b) defendant must show that his neglect is excusable and that he has a meritorious defense to the action of the plaintiff. *Moore v. WOOW, Inc.,* 250 N.C. 695, 110 S.E. 2d 311 (1959). It is the duty of the judge presiding at the hearing on the motion to make findings of fact and upon those facts to determine as a matter of law whether there is a showing of excusable neglect and of a meritorious defense. *Johnson v. Sid-*

*bury,* 225 N.C. 208, 34 S.E. 2d 67 (1945); *Electric Service v. Granger,* 16 N.C. App. 427, 192 S.E. 2d 19 (1972). The trial judge's findings of fact are conclusive on appeal when supported by competent evidence. However, the conclusions of law made by the judge upon the facts found are reviewable on appeal. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507 (1954); *Highfill v. Williamson,* 19 N.C. App. 523, 199 S.E. 2d 469 (1973).

[4]   The trial court's findings of fact establish that the male defendant was "deficient in his usual mental processes." It was further found that the "defendant was not capable of handling his affairs to the extent required in a matter of this serious nature and that he was incapable of taking intelligent action in his own defense." The trial court's findings of fact are based on competent evidence.

The North Carolina courts have repeatedly held that persons of sound mind cannot obtain relief from the statute when they fail to give litigation the attention which a man of ordinary prudence usually gives his important business. *Pierce v. Eller,* 167 N.C. 672, 83 S.E. 758 (1914). However, the trial court based its finding of excusable neglect on its factual determination that Mr. Soderquist was not of sound mind. We find no error in the court's conclusion.

Even in situations when the facts found justify a conclusion that the neglect was excusable, the court cannot set aside the judgment unless the defendant has a meritorious defense. *Doxol Gas v. Barefoot,* 10 N.C. App. 703, 179 S.E. 2d 890 (1971). "Unless the Court can now see reasonably that defendants had a good defense, or that they could make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?" *Glisson v. Glisson,* 153 N.C. 185, 188, 69 S.E. 55, 56 (1910).

[5]   At the hearing on the motion to set aside a judgment it is not necessary that a meritorious defense be proved, but only that a *prima facie* defense exists. *Carolina Bank, Inc. v. Finance Company,* 25 N.C. App. 211, 212 S.E. 2d 552 (1975). It can reasonably be seen that a *prima facie* defense is available to defendant in the case at bar.

The measure of damages in an action for breach of a lease contract is generally the difference between the contract price and the fair rental value of the premises for the term of the lease. *Weinstein v. Griffin,* 241 N.C. 161, 84 S.E. 2d 549 (1954);

---

*Monger v. Lutterloh,* 195 N.C. 274, 142 S.E. 12 (1928). Plaintiff was given a judgment for the entire contract price without reduction for the fair rental value of the premises. In this action for breach of the lease agreement defendant would be entitled to pursue the question of mitigation.

We find no error in the trial court's order setting aside the judgment by default.

Affirmed.

