SHELIA DISHMAN (MASSEY) v. LEONARD PAUL DISHMAN

No. 7722DC709

(Filed 15 August 1978)

1. **Infants § 5— child outside State—jurisdiction of court in custody proceeding**
   In a child custody proceeding the trial court had jurisdiction over the child, though she was not present in the State, since the court in a child custody proceeding has continuing jurisdiction to do anything necessary at any time to supervise the welfare of the minor child, though the child is not actually before the court. G.S. 50-13.5(c)(3).

2. **Infants § 6.2— motion to set aside child custody order—visitation rights not considered**
   In a hearing on plaintiff's motion to set aside a child custody order, the trial court did not err in refusing to consider visitation rights, since such consideration would be a modification of the prior order's grant of exclusive custody to defendant; the court could modify custody or visitation only upon a showing of changed circumstances and on adequate motion in the cause; and plaintiff's motion to set aside the custody order was not an adequate motion for this purpose.

3. **Rules of Civil Procedure § 60— child custody order—final order from which relief may be had**
   An order awarding custody of the parties' child to defendant was a "final order" under G.S. 1A-1, Rule 60(b), though the order could be changed subsequently upon a proper showing of change of circumstances under G.S. 50-13.7.

4. **Rules of Civil Procedure §§ 52, 60— motion to set aside judgment for excusable neglect—findings not required**
   A court need not make findings as to meritorious defense after a hearing on a motion to set aside a judgment for excusable neglect when it concludes there was no excusable neglect shown, but it would be the better practice to make such findings.

5. **Rules of Civil Procedure § 60.2— motion to set aside judgment—excusable neglect—neglect of attorney not imputed to plaintiff**
   In a hearing on plaintiff's motion to set aside a child custody order on the ground of excusable neglect, the trial court's findings that plaintiff had been served with process, was notified of the date of the hearing, employed and conferred with counsel, but did not appear at the hearing were insufficient to support the court's conclusion that there was no excusable neglect, since the

evidence showed that the case did not appear on the printed calendar but was handwritten onto the add-on calendar by a deputy clerk; it was the duty of plaintiff's attorney to notify the court properly that he represented plaintiff and to determine whether the hearing was to be held on the date specified in the notice served upon her; and the attorney's negligence in failing to perform this duty should not be imputed to plaintiff.

APPEAL by plaintiff from *Olive, Judge*. Order entered 2 June 1977 in District Court, IREDELL County. Heard in the Court of Appeals 30 May 1978.

Plaintiff appeals from an order denying her motion to set aside a 26 April 1977 court order which transferred child custody from her to the defendant. Child custody provisions were included in an 8 October 1973 divorce decree, which, in turn, was based on a 2 October 1972 consent judgment giving custody of the parties' minor child, a daughter, to plaintiff-wife, granting the defendant-husband certain visitation privileges. The 1972 consent judgment required that neither party remove the child from North Carolina without the court's permission if the parties themselves could not agree on the purpose of the removal. The 26 April order found a change of circumstances and awarded custody to defendant-husband in a hearing on his motion for custody. That court also found, in part, that plaintiff-wife had removed the child from North Carolina to Nebraska in violation of court order and was living with the child in open adultery with a man she publicized as the child's stepfather. Neither plaintiff nor her counsel appeared at the hearing. Plaintiff filed a Rule 60(b)(1) motion to set aside the 26 April order on the grounds of excusable neglect, and, in the alternative, on the grounds that the court did not have jurisdiction over the child.

At the hearing on her motion plaintiff offered evidence tending to show that she had moved to Nebraska with the child with defendant's knowledge and permission, that she there received notice of defendant's motion to have custody changed to award him her daughter and of the date for hearing on defendant's motion, 26 April 1977. She immediately contacted and employed an Iredell County attorney and mailed a $50.00 retainer. The attorney advised her that she need not come to court. She called him on 26 April and he assured her that the matter would not be heard on that date because it was not on the calendar. Plaintiff

had no knowledge of the adverse court order until defendant arrived in Nebraska on 29 April and took physical custody of the child as she was walking to school. Plaintiff immediately tried to contact her attorney and was told he was out of town. When she was able to contact him on 2 May, he was unable to explain what had happened. She dismissed him and retained new counsel, who filed the Rule 60(b)(1) motion for her.

It was stipulated as follows:

". . . the case as captioned to wit: *Shelia Dishman Massey, Plaintiff vs. Leonard Paul Dishman, Defendant*, File Number 72 CVD 1269, Office of the Clerk of Superior Court for Iredell County did not appear on the printed trial calendar for the non-jury session of April 26, 1977, but that the case was handwritten onto the add-on calendar for that date by the Deputy Clerk of Superior Court for Iredell County on the morning of April 26, 1977 at the request of L. Hugh West, Attorney for Leonard Paul Dishman."

Under cross-examination, plaintiff admitted that she and the child had been living with a Gary Beaver in Nebraska although she was still married to Ronald Massey whom she married after her divorce from defendant. She testified that she would marry Beaver after her divorce from Massey. She also admitted that the original consent judgment of 1972 granting her custody did state that neither party could take the child out of North Carolina without permission but she testified that the 1973 divorce order did not incorporate that restriction and, further, that defendant knew and acquiesced in her removing the child to Nebraska. Plaintiff's mother and father testified that they would keep the child in North Carolina, near her father, until plaintiff and Beaver could return to North Carolina as they were planning to do.

The court denied plaintiff's motion, refused her request to have reasonable visitation privileges as that matter was not properly before the court, and found, in pertinent part, that a copy of defendant's motion to have custody changed to him because of changed circumstances was served by registered mail on plaintiff, that she was therefore notified that hearing would be held on 26 April, that plaintiff contacted a local attorney, conferred with him, and did not appear at the hearing. The court made no find-

ings as to whether plaintiff had presented a meritorious defense in this hearing to the 26 April order. The court concluded:

".. . (1) That the plaintiff had legal and adequate notice of the hearing of April 26, 1977, in Iredell County, North Carolina. (2) That the Court had jurisdiction on April 26, 1977, to enter an order concerning custody of the minor child, Kimberly Dawn Dishman. (3) That there is no justifiable reason to set aside the court order of April 26th, 1977."

*Homesley, Jones, Gaines & Dixon by Wallace W. Dixon for plaintiff appellant.*

*L. Hugh West, Jr. for defendant appellee.*

CLARK, Judge.

[1] Plaintiff's argument that the 26 April court did not have jurisdiction over the *"res,"* the child, because the child was not present, overlooks the rule that in a child custody proceeding the court has continuing jurisdiction to do anything necessary at any time to supervise the welfare of the minor child, though the child is not actually before the court. G.S. 50-13.5(c)(3); *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906 (1948); *In re Greer,* 26 N.C. App. 106, 215 S.E. 2d 404 (1975). The court had jurisdiction at the time of the 1972 consent judgment and never lost it, regardless of where the child was from time to time.

[2] Nor did the court, in the case *sub judice*, err in refusing to consider visitation rights, as such consideration would be a modification of the prior order's grant of *exclusive* custody to defendant and the court may modify custody or visitation only upon a showing of changed circumstances and on adequate motion in the cause. G.S. 50-13.7(a). Plaintiff's motion to set aside the 26 April order was not an adequate motion for this purpose.

[3] Plaintiff's motion and her appeal from the adverse ruling does raise the question of whether the trial court erred in concluding that there was no excusable neglect. G.S. 1A-1, Rule 60(b) allows relief from "a final judgment, order, or proceeding." We find that the custody order of 26 June was a "final order" under the Rule, though the order could be changed subsequently upon a proper showing of change of circumstances under G.S. 50-13.7.

[4]  In the order appealed from, the court made no finding of meritorious defense. A court need not make findings as to meritorious defense after a hearing on a motion to set aside a judgment for excusable neglect when it concludes there was no excusable neglect shown. Whether or not there was a meritorious defense is immaterial in such case. *Whitaker v. Raines*, 226 N.C. 526, 39 S.E. 2d 266 (1946); *Johnson v. Sidbury*, 225 N.C. 208, 34 S.E. 2d 67 (1945).

However, although it is not necessary that a court make findings as to meritorious defense when it finds adequate notice and concludes that there was no excusable neglect, it would be the better practice to make such findings. A court's conclusion as to excusable neglect is a conclusion of law and is reviewable and reversible. *Powell v. Weith*, 68 N.C. 342 (1873); *Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E. 2d 787 (1975). The court's findings are generally conclusive on appeal if supported by any competent evidence, *Carter v. Anderson*, 208 N.C. 529, 181 S.E. 750 (1935); *Wynnewood, supra*, but findings made under a misapprehension of the law are not binding and if the findings are insufficient to support the conclusion the order will be reversed. *Hanford v. McSwain*, 230 N.C. 229, 53 S.E. 2d 84 (1949); *Ellison v. White*, 3 N.C. App. 235, 164 S.E. 2d 511 (1968). Thus, a court may have its conclusion of no excusable neglect reversed, and, because it made no finding of the issue of meritorious defense, will have to make such findings on remand. It is better practice to make them at the initial hearing on the motion.

Rule 60(b)'s grounds for vacation of a prior judgment or order for "mistake, inadvertence, surprise or excusable neglect" are the exact grounds spelled out in former G.S. 1-220, and cases decided under the former statute remain good authority. *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971); Shuford, North Carolina Practice and Procedure, § 60-6, pp. 507-508. What constitutes "excusable neglect" depends on what may be reasonably expected of a party in paying proper attention to his case under all the surrounding circumstances. When a litigant has not properly prosecuted his case because of some reliance on his counsel, the excusability of the neglect on which relief is granted is that of the litigant, not of the attorney. The neglect of the attorney will not be imputed to the litigant unless he is guilty of inexcusable neglect. *Kirby v. Contracting Co.*, 11 N.C. App. 128, 180 S.E. 2d

407 (1971); *Shuford, supra.* The law does not demand that a litigant in effect be his own attorney, when he employs one to represent him. The litigant must exercise proper care. *Norton v. Sawyer,* 30 N.C. App. 420, 227 S.E. 2d 148, *cert. den.* 291 N.C. 176, 229 S.E. 2d 689 (1976). But the litigant who employs counsel and communicates the merits of his case may reasonably rely on his counsel and counsel's negligence will not be imputed to him unless he has ample notice either of counsel's negligence or of a need for his own action. *Norton, supra.* Where a litigant fails to appear and a default judgment is rendered against him the law of "excusable neglect" is controlled by two old cases. Where it appeared, upon the defendant's motion to set aside a default judgment, that the same had been regularly calendared for trial, the defendant had notice thereof and was afforded full opportunity to file his answer, but that his attorney had failed to do so, his attorney's negligence was imputed to him. His neglect was not excusable. *Gaster v. Thomas,* 188 N.C. 346, 124 S.E. 609 (1924). But where no laches are attributable to the client, he will be granted relief. *Geer v. Reams,* 88 N.C. 197 (1883).

[5] In the case *sub judice,* the court's conclusion that there was no excusable neglect was based on the findings that plaintiff was served with process and notified that the hearing on defendant's motion would be heard on 26 April and that she employed counsel and conferred with him and did not appear at hearing. These facts are supported by competent, uncontroverted evidence. However, they are insufficient to support the court's conclusion. In *Gaster, supra,* it was held that negligence in failure to appear was inexcusable in view of the fact that the case was duly calendared and the movant had actual knowledge. In the case *sub judice,* it was stipulated that the case did not appear on the printed trial calendar but was handwritten onto the add-on calendar by a deputy clerk. It does not appear from the record on appeal whether this calendaring procedure conformed to the rules arranged by the chief district judge under the provisions of G.S. 7A-146, but this is not determinative of the issues on appeal in view of actual notice to plaintiff, who relied on her attorney's advice to disregard the notice. It was the duty of her attorney to notify the court properly that he represented plaintiff and to determine whether the hearing was to be held on the date specified in the notice served upon her. His negligence in failing

to perform this duty should not be imputed to her. Her failure to appear was understandable and excusable since she had the right to rely upon her counsel's representation that the case would not be heard on the date specified in the motion served upon her.

Because the trial court erred in its conclusion that there was no justifiable reason to set aside judgment, *i.e.*, because there was no excusable neglect, the court's order denying plaintiff's motion is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge BROCK and Judge WEBB concur.