CAROL A. THELEN v. GILBERT C. THELEN

No. 8026DC1025

(Filed 15 September 1981)

1. **Rules of Civil Procedure § 33— waiver of objection to answers to interrogatories**

Defendant waived objection to plaintiff's unsigned and unverified answers to interrogatories by failing to make a motion to strike or a motion for an order compelling proper answers, and the trial court's order could properly be based upon such answers to interrogatories.

2. **Rules of Civil Procedure § 44— authentication of foreign court order**

An order of a Maryland court was not sufficiently authenticated for admission into evidence where the order contained the signature of the clerk of the Maryland court and an attestation by the presiding judge, but neither certificate was affixed with the official seal of the Maryland court. G.S. 1A-1, Rule 44.

3. **Rules of Civil Procedure § 60— motion for relief from judgment**

A motion for a new trial made pursuant to G.S. 1A-1, Rule 60(b) is addressed to the sound discretion of the trial court, and its decision is not reviewable on appeal absent a showing of abuse of discretion.

4. **Rules of Civil Procedure § 60.2— relief from judgment—excusable neglect—meritorious defense**

The trial court properly concluded that plaintiff was entitled under G.S. 1A-1, Rule 60(b) to a new hearing on a petition under the Uniform Reciprocal Enforcement of Support Act upon the ground of excusable neglect where plaintiff was not present at the original hearing but was represented by an assistant district attorney pursuant to G.S. 52A-10.1; the assistant district attorney made only a pro forma appearance in which he called the case for trial and presented the written record to the court; the neglect of the assistant district attorney was not imputed to plaintiff since plaintiff had a right to assume that her interests would be protected by the district attorney's office, she received no notice of the hearing, and she had no indication of the need for personal action on her part; and plaintiff presented sufficient allegations to raise *prima facie* a meritorious defense upon a new hearing in that she alleged a need for increased support based upon rising expenditures for her minor children, and she alleged an incorrect representation of her financial circumstances and those of defendant at the original hearing as a result of the fraud of the defendant and neglect of her own attorney.

APPEAL by defendant from *Bennett, Judge.* Judgment entered 23 May 1980 in District Court, MECKLENBURG County. Heard in this Court of Appeals 29 April 1981.

Plaintiff and defendant were divorced by order filed 13 March 1978 in the Circuit Court for Montgomery County, Mary-

land. Plaintiff was awarded custody of the two minor children of the parties. Incorporated into the divorce decree was a separation agreement which provided that defendant pay to plaintiff the sum of $800 for support for herself and the minor children. Subsequent to the divorce defendant moved to Mecklenburg County, North Carolina.

On 5 February 1979 in Howard County, Maryland, plaintiff initiated, by petition under the Uniform Reciprocal Enforcement of Support Act (hereinafter "URESA"), an action alleging that defendant had failed to provide reasonable support since November of 1978 and requesting support from the defendant in the amount of $1,000 per month. The petition was transmitted to the Mecklenburg County Clerk of Court, and on 27 February 1979 defendant was served by the Mecklenburg County Sheriff's Department with notice of a show cause hearing to be held in the Mecklenburg County District Court (trial court) on 6 March 1979. Defendant employed private counsel to represent him in this matter, and the hearing was continued. Defendant then filed an answer to the petition, alleging, among other things, a change of circumstances justifying a decrease in support payments and breach of the separation agreement by plaintiff. Extensive interrogatories and a request for production of documents were served on plaintiff. Pursuant to a trial court order, the Maryland State Attorney for Howard County submitted answers to the interrogatories and produced certain documents as requested.

On 12 July 1979 a hearing was held on plaintiff's URESA petition, and the trial court entered an order on the same day. The trial court found that defendant was earning substantially less money than at the time of the entry of the original support decree and that expenses for maintenance of the minor children had decreased since March of 1978. The trial court found that the above events constituted a substantial and material change of circumstances which would permit a reduction in support payments and ordered the defendant to make future child support payments in the total amount of $400 a month. The trial court also determined that defendant was not liable for any arrearages in support payments.

On 20 December 1979 plaintiff filed a motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, asking

that the court set aside the 12 July 1979 order on grounds of mistake, inadvertence, surprise and excusable neglect on the part of her attorney and on grounds of fraud, misrepresentation and other misconduct of the defendant. In her motion, plaintiff alleged, in pertinent part, (1) that she was not notified of the 12 July 1979 hearing; (2) that she was not represented by the Office of the District Attorney of Mecklenburg County at the hearing, as required by G.S. 52A-10.1; (3) that this failure of representation by the district attorney constituted neglect of counsel and she should not be prejudiced by this neglect; (4) that defendant had presented to the court information regarding the parties' respective financial situations which was false and could be refuted by plaintiff at a proper hearing; (5) that she is entitled to support arrearages by orders of the Maryland courts; and (6) that she has valid defenses to the arguments raised by defendant. Attached to plaintiff's motion were copies of orders entered in the Circuit Court of Howard County, Maryland, which ordered defendant to pay to plaintiff arrearages in child support of $3,900 by Order dated 8 March 1979 and $4,479 by judgment dated 4 April 1979.

On 12 March 1980 a hearing was held on plaintiff's motion. At the hearing the attorney for defendant, Mr. William K. Diehl, Jr., testified, in pertinent part, that he personally did not give the plaintiff any notice of the 12 July 1979 hearing and could not recall if he specifically notified plaintiff's Maryland attorney as to the hearing date. He could not recall whether anyone representing plaintiff's interest was present in the courtroom for the hearing, unless it was someone who called the case, submitted documents and left. Mr. Diehl did not recall participation by the district attorney at the hearing. He stated that this particular URESA action was handled in a typical manner for this type of case. Although defendant was not called as a witness, he was in the courtroom and tendered to the court for cross-examination. No one on behalf of plaintiff requested a continuance of the hearing. Mr. Diehl stated that he did not notify the lawyer from Maryland about the 12 July proceeding because no one had ever indicated to him that they desired to participate in the hearing on behalf of the plaintiff.

On 23 May 1980 the court entered the following order:

A hearing was held in this matter on March 14, 1980, on petitioner's Rule 60(b) motion to set aside judgment entered on July 12, 1979. Based upon evidence presented at that hearing and matters of record appearing in the file (including affidavits of both parties, insofar as admitted into evidence, and petitioner's answers to interrogatories of the respondent),

the Court makes the following findings of fact:

1. This URESA matter was duly calendared and heard on July 12, 1979, and based on that hearing an order was entered setting child support to be paid by respondent at $400.00 per month.

2. At the time that hearing was held there existed in the State of Maryland two prior orders then in effect between the parties, one dated March 8, 1979, ordering payment by respondent of $3,900.00 in arrearages and one dated March 13, 1978, setting support payments for the petitioner and children at $800.00 per month. The July 12, 1979, order specifically denies recovery of any arrearage.

3. An attorney from the Mecklenburg County District Attorney's office was present at the hearing. As respondent's attorney testified in this motion hearing, the district attorney did his or her "usual job" at the hearing — specifically calling the case for trial and presenting the written record to the court. No further evidence was presented in behalf of the petitioner.

4. Petitioner was not present at the hearing, and no one other than the district attorney appeared in her behalf.

5. At the time of the hearing, petitioner was represented in this matter by a Maryland attorney. Whether that attorney had notice of the July 12, 1979, hearing is not clear from the evidence. Petitioner, herself had no notice of the July 12, 1979, hearing and was afforded no opportunity to appear and testify in her own behalf or present other additional evidence and argument.

Respondent's attorney testified at this motion hearing that he did not inform petitioner's Maryland attorney of the

July 12, 1979 hearing and did not know that the case was to be heard himself until he came to court on July 12. Thus, while petitioner was represented by at least two attorneys at the time, one did not appear for the hearing, the other (Mecklenburg District Attorney) appeared on essentially a pro forma basis, and neither informed the petitioner of the hearing.

6. No one appearing at the July 12, 1979, hearing requested a continuance so that petitioner could be afforded an opportunity to appear and present evidence.

7. Petitioner's verified motion, insofar as it is admitted to evidence, her responses to interrogatories, respondent's affidavit of July 12, 1979, and other pleadings appearing of record reveal that petitioner has a meritorious defense to the allegations of the respondent and the findings in the court's order of July 12, 1979, and had such a defense on that date.

8. The record reveals that prior to July 12, 1979, the petitioner pursued this matter with due diligence and proper care under the circumstances.

The Court therefore concludes as a matter of law that:

1. Failure of the district attorney's office to perform anything more than a pro forma service in appearing for the petitioner at the July 12, 1979, hearing, and the failure of either the district attorney's office or petitioner's Maryland attorney (or both) to actually notify her of the July 12, 1979, hearing constitutes neglect on the part of petition's [sic] attorneys, or either of them, which is not imputable to the petitioner. Petitioner's failure to appear at the hearing to present her case is, therefore, excusable neglect.

2. Under Rule 60(b) of the North Carolina Rules of Civil Procedure, petitioner is entitled to relief from the order of July 12, 1979, and to a rehearing on the issues joined by the pleadings. (*DISHMAN v. DISHMAN*, 37 N.C. App. 543 (1978); *NORTON v. SAWYER*, 30 N.C. App. 420 (1976).

It is therefore ORDERED that the order issued July 12, 1979, is hereby set aside and this matter is to be recalen-

dared for hearing on the merits of the pleadings within 39 days of this order.

This the 23rd day of May, 1980.

s/ WALTER H. BENNETT, JR.
District Court Judge

From this order, defendant appeals.

*Stack and Stephens, by Richard D. Stephens, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., for defendant-appellant.*

BECTON, Judge.

[1]  Defendant initially assigns error to the trial court's reliance upon certain evidence in its decision to grant plaintiff's Rule 60(b) motion and set aside the prior order. He first argues that plaintiff's answers to interrogatories were an inappropriate basis for the trial court's 23 May 1980 ruling since the answers were unsigned and unverified as required by G.S. § 1A-1, Rule 33(a). However, we note that the record reveals that these documents were received by defendant sometime after 18 June 1979 and were considered by the court in the prior order of 12 July 1979. We can find no evidence of a motion to strike nor a motion for an order compelling proper answers, pursuant to G.S. 1A-1, Rule 37(a), made by defendant at any time during these proceedings. Under these circumstances, we deem that any objection to form by defendant has been waived. *Greene v. United States,* 447 F. Supp. 885 (N.D. Ill. 1978); *cf. Harrington Mfg. Co. v. Powell Mfg. Co.,* 26 N.C. App. 414, 216 S.E. 2d 379, *cert. denied* 288 N.C. 242, 217 S.E. 2d 679 (1975), (absent some overriding constitutional privilege defendant waived its right to object to interrogatories by failing to serve answers or objections to particular questions within time period specified by G.S. 1A-1, Rule 33). The answers to interrogatories, then, formed sufficient bases upon which the trial court reached its conclusions.

[2]  Defendant next excepts to the court's reliance upon the 8 March 1979 order of the Maryland court, which awarded arrearages of $3,900 in support payments to plaintiff. He argues

that this document was not sufficiently authenticated to be considered by the trial court in its decision. The document in question bears the signature of the Clerk of the Circuit Court for Howard County, Maryland and an attestation by the presiding judge but neither certificate is affixed with the official seal of the Circuit Court of Howard County. Defendant is correct—this document does not satisfy G.S. 1A-1, Rule 44 which mandates the requirements for authentication of an out-of-state official record. However, we do not find prejudicial error. "When findings that are unchallenged, or are supported by competent evidence, are sufficient to support the judgment, the judgment will not be disturbed because another finding, which does not affect the conclusion, is not supported by evidence." *Dawson Industries, Inc. v. Godley Construction Co.*, 29 N.C. App. 270, 275, 224 S.E. 2d 266, 269, *disc. review denied*, 290 N.C. 551, 226 S.E. 2d 509 (1976). Although the trial court may have erred in its reliance upon this unauthenticated document, we hold the grant of a new trial can be sustained upon the answers to interrogatories which were sufficient to support the trial court's order.

[3] By his remaining assignments of error, defendant contends that plaintiff failed to establish any entitlement to relief under Rule 60(b) and the court therefore erred in granting her a new hearing. A motion for a new trial, made pursuant to G.S. 1A-1, Rule 60(b), is addressed to the sound discretion of the trial court and its decision is not reviewable on appeal absent a showing of abuse of discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). The trial court's findings of fact are conclusive on appeal, if supported by competent evidence, and our review is limited to the correctness of the conclusions of law derived from the facts found. *Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E. 2d 787 (1975).

[4] The trial court concluded, from the facts found, that plaintiff was entitled to a new hearing upon the ground of excusable neglect. G.S. 1A-1, Rule 60(b)(1). The general standards for setting aside an adverse judgment in a situation alleged to have been brought about by the negligence of the complaining party's attorney were set out in *Dishman v. Dishman*, 37 N.C. App. 543, 547, 246 S.E. 2d 819, 822-823 (1978), as follows:

> What constitutes "excusable neglect" depends on what may be reasonably expected of a party in paying proper at-

tention to his case under all the surrounding circumstances. When a litigant has not properly prosecuted his case because of some reliance on his counsel, the excusability of the neglect on which relief is granted is that of the litigant, not of the attorney. The neglect of the attorney will not be imputed to the litigant unless he is guilty of inexcusable neglect. The law does not demand that a litigant in effect be his own attorney, when he employs one to represent him. The litigant must exercise proper care. But the litigant who employs counsel and communicates the merits of his case may reasonably rely on his counsel and counsel's negligence will not be imputed to him unless he has ample notice either of counsel's negligence or of a need for his own action. (Citations omitted.)

We hold that the facts found by the trial court fully support its conclusion of excusable neglect. The actions of the district attorney for Mecklenburg County, appointed by G.S. 52A-10.1 to represent plaintiff in this hearing, did not constitute adequate representation of a client's interests as required by law. An attorney owes to his client the duty to employ his best efforts in the prosecution of the litigation entrusted to him. *Petrou v. Hale,* 43 N.C. App. 655, 260 S.E. 2d 130, *disc. review den.* 299 N.C. 332, 265 S.E. 2d 397 (1979). "[T]he strength of the attorney's role as advocate is crucial to the success of our judicial system: his duty vigorously to represent his client requires him to present everything admissible that favors his client and to scrutinize by cross-examination everything unfavorable." *State v. Staley,* 292 N.C. 160, 161, 232 S.E. 2d 680, 682 (1977). The professional obligation of the district attorney, as appointed counsel, to his client and the court is equivalent to that of privately retained counsel. *Cf., State v. Aycoth,* 272 N.C. 48, 157 S.E. 2d 655 (1967) (discussing professional obligation of court-appointed counsel to his client). The statutory appointment of the "official who prosecutes criminal actions for the State" to represent the obligee in URESA proceedings is not just an empty formality but is designed to guarantee to the complainant effective assistance of counsel in this State. G.S. 52A-10.1; *cf. State v. Robinson,* 290 N.C. 56, 224 S.E. 2d 174 (1976) (discussing right to appointed counsel of indigent criminal defendant). What constitutes proper representation of the obligee by the appointed attorney under G.S. 52A-10.1

cannot be defined by rigid rules but must be determined by the circumstances and necessities of each case. In the case at hand, we hold that the pro forma appearance and presentation of the record to the trial court by the Mecklenburg County district attorney did not meet the standard of competence and diligence required of counsel for the appropriate representation of plaintiff.

We find no reason to impute the neglect of the district attorney in this matter to the plaintiff. Here plaintiff filed her petition in Maryland and entrusted her affairs to local and state government officials who were charged with certain uniform statutory duties. She had a right to assume that her interests would be protected by the District Attorney's office. Plaintiff received no notice of the 12 July 1979 hearing and the record is unclear as to the notice given plaintiff's Maryland attorney. Plaintiff had no indication of the need for personal action on her part or that her interests would not be safeguarded by the officials appointed to represent her.

Even though the facts found justify the court's conclusion of excusable neglect, the judgment should not have been set aside unless the plaintiff also had a meritorious defense to defendant's allegations. *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971). At a hearing for a Rule 60(b) motion it is not required that a meritorious defense be proved, only that a *prima facie* defense exists. *Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E. 2d 787 (1975). In her interrogatories and in her verified petition, with accompanying documents, plaintiff alleges her need for increased support based upon rising expenditures for the minor children. She additionally alleges that an incorrect representation of her financial circumstances and those of defendant was presented to the trial court as a result of the "fraud" of the defendant and neglect of her own attorney. We find that plaintiff has presented sufficient allegations to raise, *prima facie*, a meritorious defense upon a new hearing.

We find no error in the trial court's order setting aside the order of 12 July 1979 and directing a new hearing on the merits of the pleadings in this matter. Accordingly, we

Affirm.

Judge MARTIN (Robert M.) and Judge WHICHARD concur.