GARVIE LEE, JR. v. ROBERT HENRY JENKINS, JR.

No. 816DC939

(Filed 1 June 1982)

**Judgments § 25; Rules of Civil Procedure § 60.2— failure to relieve plaintiff from judgment erroneous**

In a negligence action in which plaintiff sought damages from defendant and defendant answered and counterclaimed for damages from plaintiff, the trial judge erred in failing to set aside the verdict for defendant under Rule 60(b)(1) after being advised that plaintiff's counsel was in superior court in an adjoining county and that counsel was leaving to come a distance of 85 miles for trial of the case sub judice in district court. Rule 3 of the General Rules of Practice for the Superior and District Courts, adopted pursuant to G.S. 7A-34, gives priority to superior court over district court when an attorney has conflicting engagements, and having been advised of the conflicts of plaintiff's counsel with superior court, the trial judge should have held the case open a sufficient length of time for counsel to safely travel 85 miles from one courthouse to another.

Judge HEDRICK dissenting.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 21 April 1981 in District Court, BERTIE County. Heard in the Court of Appeals 27 April 1982.

*Thomas L. Jones for plaintiff-appellant.*

*Pritchett, Cooke & Burch, by Stephen R. Burch, for defendant-appellee.*

HILL, Judge.

Plaintiff's complaint alleges that defendant, through his son, was negligent in the operation of a tractor which the latter drove through a stop sign and into plaintiff's automobile, then operated by his wife, causing damage to the automobile. Defendant

answered and denied plaintiff's allegations, alleged contributory negligence and last clear chance, and counterclaimed for damages to the tractor.

When the case was called for trial, the record reveals that neither plaintiff nor his counsel was present; defendant and his counsel were present, however. The trial judge stated, "We will proceed, Mr. Burch, with your counterclaim. After plaintiff being called and there being no response and his counsel not being present, this matter is hereby dismissed with prejudice." Defendant then presented evidence on his counterclaim, and the judge charged the jury. After a twenty minute deliberation, the jury returned and announced its verdict finding plaintiff contributorily negligent and awarding defendant $3,000. Then, apparently the son of plaintiff's counsel addressed the trial judge as follows:

MR. JONES: Your Honor, may I be heard.

THE COURT: Yes, Mr. Jones.

MR. JONES: I give notice of appeal, your Honor. I'd also like to make a motion at this time.

THE COURT: All right, sir. I'll be delighted to hear from you.

MR. JONES: I'd like to make a motion to set aside the verdict based on excuse (unintelligible) from the fact that my father was tied up in criminal Superior Court this morning and that he tried to get over here and that he got hung up over there.

THE COURT: Motion is denied. Anything else, sir?

Judgment for defendant thereupon was entered, and plaintiff gave notice of appeal.

Plaintiff has set out in the record ten assignments of error but he has brought forward and argued in his brief only Assignment of Error Nos. 1,4,5,9, and 10. Therefore, Assignments of Error Nos. 2,3,6,7, and 8 are deemed abandoned.

By Assignment of Error Nos. 1, 4, 5, and 9, plaintiff contends that the trial judge erred in proceeding with the trial in his absence and in the absence of his counsel and in denying his motion "to set aside the verdict based on excuse (unintelligible) from

the fact that my father was tied up in criminal Superior Court this morning and that he tried to get over here and that he got hung up over there." Although this motion is not in form a motion for relief from a final judgment under Rule 60(b) of the North Carolina Rules of Civil Procedure, it is such in substance, and we will treat it accordingly.

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect . . . . " Upon hearing such a motion, it is the duty of the trial judge to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment. *Hoglen v. James,* 38 N.C. App. 728, 248 S.E. 2d 901 (1978); *Wynnewood Corp. v. Soderquist,* 27 N.C. App. 611, 219 S.E. 2d 787 (1975). This the trial judge did not do, and this is error.

Although not appearing in the record, it is contended by plaintiff and conceded by defendant in their briefs that the trial judge ordered a telephone call placed to the office of plaintiff's counsel, advising him that the case was ready for trial. Upon being notified that plaintiff's counsel was in superior court in an adjoining county, the judge ordered that plaintiff's counsel be called there. The trial jduge then was advised that counsel was leaving to come to Bertie County, a distance of 85 miles, for trial of the case *sub judice.*

Rule 3 of the General Rules of Practice for the Superior and District Courts, adopted pursuant to G.S. 7A-34, concerning applications for a continuance, states: "When an attorney has conflicting engagements in different courts, priority shall be as follows: Appellate Courts, Superior Court, District Court, Magistrate's Court."

Having been advised of the conflict by plaintiff's counsel with superior court, the trial judge should have held the case open a sufficient length of time for counsel to safely travel 85 miles from one courthouse to another. Certainly, the judge was aware of the presence of plaintiff's counsel in an adjoining county when the son of plaintiff's counsel advised the judge of his whereabouts as set out in that portion of the record quoted above. On the facts found within the record itself, the judge could have stricken his order

---

Lee v. Jenkins

---

dismissing plaintiff's claim and ordered a mistrial on defendant's counterclaim. His power to so act is well established: "During the term a judgment is in fieri and the court has power prior to the expiration of the term to modify, amend, or set aside the judgment . . . notwithstanding notice of appeal." 8 Strong's N.C. Index 3d Judgments § 6, p. 19, and cases cited therein.

Plaintiff has not had his day in court. At the very least, he should have an opportunity to show excusable neglect and a meritorious defense on his Rule 60(b) motion in a proper hearing. *See Wynnewood Corp. v. Soderquist, supra.* For these reasons, the order dismissing plaintiff's claim and the judge's denial of plaintiff's motion to set aside defendant's verdict on the counterclaim are vacated and the cause is remanded for a hearing on plaintiff's relief under Rule 60(b).

Vacated and remanded.

Judge BECTON concurs in the result.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

"There is a presumption in favor of the regularity and validity of judgments in the lower court, and the burden is upon appellant to show prejudicial error." *London v. London,* 271 N.C. 568, 570, 157 S.E. 2d 90, 92 (1967). Plaintiff has appealed from the order dismissing his claim and the judgment for defendant on the counterclaim. These two judgments are presumed to be regular and valid, and the burden is on the plaintiff on appeal to show prejudicial error. This, in my opinion, he has failed to do.

With respect to the order dismissing plaintiff's claim, the majority has inexplicably vacated that order without any reference to the appeal and to the well-established rule that the order of Judge Long is presumed to be valid and proper. Rule 3 of the General Rules of Practice for the Superior and District Courts, "adopted pursuant to G.S. 7A-34," and the citation of 8 Strong's N.C. Index 3d, Judgments § 6 are wholly irrelevant to the order dismissing plaintiff's claim. The majority seems to say Judge Long had no authority to dismiss plaintiff's claim when he failed

to appear and prosecute. With this, I disagree. Because the plaintiff has failed to show error, and because the record discloses that the order is valid and proper, I vote to affirm the order dismissing plaintiff's claim.

The judgment for defendant on the counterclaim is also presumed to be valid and proper, and the majority has not said there was error in the trial resulting in the judgment on the counterclaim. I also find no prejudicial error in the trial of defendant's counterclaim. The majority seems to leave that judgment intact, and I agree.

With respect to the incongruous decision of the majority remanding the "cause" for a "hearing on plaintiff's relief under Rule 60(b)," I am confounded. In his determination to impress on the trial court his perception of fair treatment for plaintiff's lawyer and to give the plaintiff his "day in court" without regard to the well-established rules of substance and procedure, my esteemed colleague seems to have strained at a gnat and swallowed a camel. To remand the cause and order the trial court to treat the remarks of "Mr. Jones" as a Rule 60(b)(1) motion, and at the same time in essence tell the judge what facts to find and how to rule on the motion taxes my imagination as I am sure it must the imagination and credulity of the able chief district judge of the Sixth Judicial District. The plaintiff excepted to and assigned as error the denial of "Mr. Jones' " motion to set aside the "verdict" on the counterclaim. The majority decision ignores this assignment of error. The remarks of "Mr. Jones" can at best be characterized as a motion to set aside the verdict. The record does not even disclose that "Mr. Jones" was a party or representing the plaintiff or that he had any right to make any motion. The remarks were made before judgment was entered and were directed to the verdict. The motion, if it can be characterized as such, was not in writing and did not recite the number of the rule pursuant to which it was made. Since the plaintiff assigned the denial of the motion as error, it should have been handled by the majority in the appeal, and I vote to find no error in the denial of such motion.

Finally, the plaintiff had ample opportunity after the judgments were entered to make any number of post-trial and post-judgment motions including a Rule 60(b)(1) motion to be

relieved from the order dismissing his claim and the judgment on the counterclaim. He chose not to do so but to appeal to this Court immediately.